State v. Sutton.

————•◦◦•————

THE STATE, Respondent, v. SUTTON, Appellant.

1. It is not necessary that an indictment, founded on section 34 of article 8 of the act concerning Crimes and Punishments, for keeping open a grocery on Sunday, should contain the negative allegation that the grocery was not kept open for the sale of drugs, medicines, provisions, or other articles of necessity.

*Appeal from Newton Circuit Court.*

The court refused to instruct the jury, at the instance of the defendant, that " the usual opening of the door of a grocery, and going in on Sunday, is not such a keeping open of a grocery door as is contemplated by the statute."

*Hendrick,* for appellant.
*Ewing,* (attorney general,) for the State.

SCOTT, Judge, delivered the opinion of the court.

Sutton was indicted under the 34th section of the 8th article of the " Act concerning Crimes and Punishments," approved March 27th, 1845. (R. C. p. 405.) He was convicted and fined, and, after an unsuccessful motion in arrest of judgment and for a new trial, appealed to this court. The ground on which the motion in arrest of judgment was based, was the omission in the indictment of the negation that the grocery was kept open for the sale of drugs, medicines, provisions, or other articles of necessity.

There is nothing in this objection. The rule is, that in pleading upon statutes, where there is an exception in the enacting clause, the indictment must show that the defendant is not within the exemption; but if there be an exception in a subsequent clause, that is matter of defence, and the accused must show it to exempt himself. Here, the exception was not only omitted in the enacting clause, but was only contained in the subsequent succeeding section of the act.

There certainly was no error in the instructions given on behalf of the State. The second instruction asked by the defendant was not so worded as to raise the question that seems to have been contemplated, and the evidence scarcely warranted it. If one lives in the house in which his grocery is kept, and his comfort or convenience requires the door of the grocery to be kept open, and it is kept open on that account, and not with any view to evade the law, or to allure customers, or to carry on his ordinary business, he does not violate the statute.

The other judges concurring, the judgment will be affirmed.