St. Louis Brokerage Company v. Bagnell, *Plaintiff in Error.*

A Defense cannot be set up for the first time in the appellate court.

*Error to St. Louis Court of Appeals.*

Affirmed.

On August 27th, 1875, the St. Louis Brokerage Company gave its promissory note to William Bagnell for $7,590, payable in thirty days, and as collateral security delivered to him certain county and railroad bonds and

St. Louis Brokerage Company v. Bagnell.

coupons of the face value of $23,000. An agreement in writing was entered into at the same time whereby it was stipulated that the Brokerage company should give additional security whenever the market value of the collaterals should decline, on notice of such event; and the agreement also contained this condition: "In default of payment of said note at maturity or in default of our giving such additional security when so notified, we hereby authorize the said William Bagnell to sell said collateral at public or private sale, or otherwise, at his option, without notice, and to apply the proceeds to the payment of the said note."

The St. Louis Brokerage Company brought its action against Bagnell, in which it alleged " that on the 16th day of September, 1875, the defendant made an agreement with the plaintiff that he would extend the note aforesaid, for a period of thirty days from the 27th day of September, 1875, and in pursuance of said agreement and in consideration therefor, the plaintiff at that time paid to the defendant the sum of $40," etc.; and that, on October 1st, 1875, the defendant, in violation of his agreement, and of the terms of said extension, sold and disposed of the said bonds and collaterals, without any authority so to do, to the plaintiff's damage in the sum of $17,250. Defendant's answer consisted of a general denial of the allegations in the petition. There was a jury trial, and a verdict in favor of the plaintiff for $3,392.38.

The defendant appealed to the court of appeals, where the judgment was affirmed, the court, (per LEWIS, P. J.,) saying: " The point upon which the defendant seems to rely for a reversal is, that his right to sell the collaterals did not depend solely on the non-payment of the note at maturity, but that he might sell them at any time when they became depreciated in the market, upon failure by the plaintiff, when duly notified, to furnish additional securities; that the evidence shows that the collaterals did become depreciated, that he notified the plaintiff and demanded additional securities, which were not forthcoming,

and, therefore, he had a right to sell, without regard to the alleged extension. The difficulty about this defense is, that it appears to be made for the first time in this court. No instruction in relation to it was asked for or given on either side, and, as the answer was nothing more than a general denial, and the defense referred to was new matter, it must be considered as not having been pleaded at all. The case was tried wholly upon the issue whether there was in fact an extension of the note, pending which the defendant sold the securities, on the ground that the note had matured and was not paid. The instructions bore upon no other issue. The jury were fairly instructed with reference to it, and their verdict is conclusive. We cannot reverse upon a question that was not on trial in the court below." A motion for a rehearing being overruled, the defendant appealed to the Supreme Court.

*A. R. Taylor* for plaintiff in error.

*Fisher & Rowell* for defendant in error.

HENRY, J—The court of appeals, in the two opinions delivered in this case, the latter on a motion for a rehearing, elaborately considered all the questions presented by this record, and, it is our opinion that they were correctly decided by that court, and its judgment is, therefore, affirmed. All concur.