THE STATE OF MISSOURI, Appellant, v. FANNIE CRENSHAW, Respondent.

### St. Louis Court of Appeals, April 29, 1890.

Criminal Law: INJURY TO DWELLINGS, ETC.: INDICTMENT. When an exception is contained in the language of the statute defining an offense, and constitutes part of the description of the offense sought to be charged, an indictment for that offense must negative the exception. *Held*, accordingly, that an indictment for malicious injury to a dwelling house, contrary to the provisions of Revised Statutes, 1879, section 1358, is fatally defective, if it fails to charge that the person indicted had no interest in the property.

*Appeal from the Greene Criminal Court.*—HON. M. OLIVER, Judge.

AFFIRMED.

*J. J. Gideon,* Prosecuting Attorney for Greene County, and *F. S. Heffernan,* for appellant.

The information states that the property destroyed belonged to the heirs of L. A. D. Crenshaw, deceased; and it is not necessary to say that the defendant had no interest in the same. *State v. Guernsey,* 9 Mo. App. 312; *State v. West,* 21 Mo. App. 309; *State ex rel. v. Thayer,* 15 Mo. App. 391–396; *State v. James,* 63 Mo. 570; *State v. Meek,* 70 Mo. 355; *State v. Burr,* 81 Mo. 110.

*Goode & Cravens,* for respondent.

The offense attempted to be charged is purely statutory. The statute denounces the acts therein named as criminal only when they are done to the property of another, in which the person charged has

no interest, and this want of interest in the property is the very *gravamen* of the offense. This qualification of the offense as to the interest of the party charged, in the property alleged to have been injured, is in the same section of the law which creates the offense, and there is no better settled principle in criminal pleading, where such is the case, than that the exception or qualification named in the statute must be expressly negatived—otherwise no offense is charged. *State v. Shiflett*, 20 Mo. 415; *State v. Sutton*, 24 Mo. 377; *State v. Meek*, 70 Mo. 355; *State v. Jaques*, 68 Mo. 260.

ROMBAUER, P. J.—The point for decision arises upon the legal sufficiency of an information purporting to charge an offense under section 1358 of the Revised Statutes of 1879, which reads as follows:

"Sec. 1358. *Injuring dwelling houses.*—Every person who shall wilfully and maliciously break, destroy or injure the door or window of any dwelling house, shop, store or other house or building, or sever therefrom, or from the gate, fence or inclosure, or any part thereof, any material of which it is formed, or sever from the freehold any produce or thing attached thereto, or pull down, injure or destroy any gate, post, railing or fence, or any part thereof, or throw down or open any gate, bars or fence, and leave the same down or open, being the property of another, or of any railroad company, or inclosing the lands of another, *in which such person has no interest*, shall be deemed guilty of a misdemeanor."

The information, omitting the formal part, is as follows:

"Comes John A. Patterson, prosecuting attorney within, and for, the county of Greene, state of Missouri, and, under his oath of office, informs the court that Fannie Crenshaw, on the ninth day of September, 1887, at the county of Greene, did then and there maliciously

injure the windows of a certain dwelling house there situate, the property of the heirs of Lewis A. D. Crenshaw, deceased, and in the rightful possession of N. Banks, done against the peace and dignity of the state. And the said Fannie Crenshaw did then and there unlawfully, wilfully and maliciously destroy thirty-eight panes of glass in the windows of a certain dwelling house there situate, and in the rightful possession of N. Banks, by then and there striking and beating said windows with a large piece of plank,—done against the peace and dignity of the state.''

The defendant moved to quash the information on the ground that it omits the averment, placed in italics above, namely, that the defendant had no interest in the property alleged to have been injured. The court sustained the defendant's motion and quashed the information, and the state, appealing, assigns for error that this ruling was erroneous.

Whenever an exception is contained in the section defining an offense, and constitutes part of the description of the offense sought to be charged, the indictment must negative the exception; otherwise no offense is charged. *State v. Meeks*, 70 Mo. 357. Or, as said in *State v. Sutton*, 24 Mo. 377, where there is an exception in the enacting clause, the indictment must show that the defendant is not within the exemption; but, if there be an exception in a subsequent clause, that is matter of defense, and the accused must show it to exempt himself. See, also, *State v. Cox*, 32 Mo. 566, and *State v. O'Brien*, 74 Mo. 549.

Here the offense condemned by the statute is the wilful and malicious destruction of property by *one who has no interest therein*. The fact that the alleged offender has no interest in the property is an essential averment, and without it the information is fatally defective. The information need not charge this fact in the identical words of the statute, provided it uses

words negativing completely the existence of any interest. This, however, the information in this case fails to do, because, although the property was that of Crenshaw's heirs, and in the rightful possession of Banks, yet the defendant might have had an interest therein.

Judgment affirmed. All the judges concur.