THE STATE OF MISSOURI, Respondent, v. AL. RAYMOND, Appellant.

St. Louis Court of Appeals, May 23, 1893.

Criminal Law: INDICTMENT FOR STATUTORY CRIME: EXCEPTIONS IN DEFINITION OF CRIME. Indictments for statutory crimes must show that the defendant is not within an exemption or exception contained in the enacting clause of the statute defining the offense.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED *(with directions).*

*Winningham* and *Livingston & Green,* for appellant.

The exceptions made by the statute, and contained in the words "unless the same is so surrounded by artificial or natural barriers," were not negatived by the indictment. This is fatal to the validity of the indictment. 1 Wharton's Criminal Law, sec. 379. When there is an exception in the enacting clause of the statute defining a crime, the indictment charging a violation of the statute must show that the defendant is not within the exception. Malone, Criminal Brief, page 44; *State v. Sutton,* 24 Mo. 377; *State v. Crenshaw,* 41 Mo. App. 24; *State v. Barr,* 30 Mo. App. 498.

No brief filed for respondent.

BOND, J.—The appellant was indicted under the provisions of section 3850 of the Revised Statutes, 1889, making it a misdemeanor for any keeper of a male horse or jack for teasing and serving mares to cause such teasing or service to be done "near a public highway * * * unless the same is so surrounded by artificial or natural barriers as to obstruct the view of persons traveling such highway."

The indictment framed under this section, omitting the caption, was as follows, to-wit:

"The grand jurors for the state of Missouri summoned from the body of Howell county, empaneled, sworn and charged to inquire within and for the body of Howell county, upon their oaths present and charge that Al. Raymond, late of the county aforesaid, on the

seventeenth day of April, 1891, at and in the county of
Howell and state of Missouri, did then and there unlaw-
fully have and cause a certain male animal, to-wit, a
jack, to tease and serve a certain mare near a public
highway, to-wit, the public road and highway leading
from West Plains, Missouri, to Ash Flat, Arkansas,
and commonly called West Plains and Ash Flat road,
the said place of teasing and serving the said mare by
said jack not being then and there so surrounded by
*artificial and barriers* as to obstruct the view of persons
traveling such road and highway, and against the peace
and dignity of the state.

"J. B. Tillman, Prosecuting Atty.

"A true bill. Jacob Hopkins, Foreman Grand
Jury."

The objection to the sufficiency of the indictment
preserved in the motion in arrest, and now assigned as
error, is that no offense is charged therein in this, that
it wholly fails to negative the exceptions set forth in
the enacting clause of the statute under which it was
drawn.

We are of opinion that this assignment is well
taken, and that the motion in arrest of judgment on
that ground should have been sustained. *State v. Kin-
drick*, 21 Mo. App. 507, 509. There is nothing better
settled than that indictments for statutory crimes
should show that the defendant is not within an exemp-
tion or exception contained in the enacting clause of
the statute defining the offense with which he is
charged. *State v. Sutton*, 24 Mo. 377. The qualifica-
tion or exception contained in the statute must be neg-
atived; otherwise no offense is charged. *State v.
Crenshaw*, 41 Mo. App. 24, 26; *State v. Meek*, 70 Mo.
357; *Wild v. Howe*, 74 Mo. 551.

In the case at bar the language of that portion of
the indictment referable to the cause of exception or

exemption contained in the statute wholly omitted to set forth the terms of the statute, *i. e.*, "unless the same (place of service) is so surrounded by *artificial or natural barriers.*"

In lieu of these statutory words descriptive of the offense the indictment only contained the following: "Not being then and there so surrounded by artificial and barriers." It is obvious that this phraseology of the indictment is not the substantial equivalent of the language of the statute. By the statute there is no offense committed, provided the public highway (place of service) is surrounded in either of two ways. Under the indictment the defendant may be found guilty notwithstanding the existence of one of the alternatives of innocence set forth in the statute creating and describing the offense. In other words, there is nothing in the indictment negativing the exception "natural barriers," even if we should hold that the copulative "and" between "artificial" and "barriers" might be elided as surplusage.

We are of opinion that the indictment in this case did not fully inform the defendant of the offense charged. Such a defect is not curable. Revised Statutes, 1889, sec. 4115, last clause.

It may be well to state that the instruction given by the court is erroneous. Under the statute there is no offense committed, unless the view from the public highway is unobstructed either by "artificial or natural barriers;" whereas the instruction authorized a conviction, unless the view was obstructed by "artificial barriers" only.

We are of the opinion that the circuit court erred in overruling the motion in arrest of judgment, and that it also committed error in its instruction. We think, however, that from the testimony preserved in the record, "there is reasonable ground to believe that

the defendant can be convicted of an offense if properly charged." Revised Statutes, 1889, sec. 4275; *State v. Wacker*, 16 Mo. App. 417.

The judgment is reversed, and the cause remanded with directions to proceed under the provision of the foregoing section of the statute. All the judges concur.