ROBINSON, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 29, 1904.

1. **PLEADING: Informal Petition: Demurrer: Objections to Evidence.** Where a petition wholly fails to state a cause of action by omission of some essential averment which can not be implied from the language, advantage of the failure may be taken by objection to the introduction of evidence.

2. ———: ———: **Good After Verdict.** But where the facts requisite to constitute a cause of action are to be inferred from the petition, though it be defective in some of its averments, it will be upheld after verdict and advantage of the defect can not be taken by objection to the introduction of evidence.

Appeal from St. Louis Circuit Court.—*Hon. J. W. McElhinney,* Judge.

AFFIRMED.

*Nathan Frank* and *Richard A. Jones* for appellant.

(1) The petition of plaintiff does not state a cause of action. This pleading was assailed at trial by objection to the introduction of any evidence under it and after verdict by motion in arrest of judgment. (2) The constitutive facts which compose plaintiff's cause of action must be pleaded, not conclusions, for the latter are neither traversable nor demurrable, but are to be treated as no statements at all. The allegation of a conclusion of law raises no issue, need not be denied, is not admitted by demurrer, is wholly worthless as a statement, is entirely eliminated from consideration in testing the merit of a pleading, and is as though no statement had been made at all. Mallinckrodt Chemical Works v. Nemsich, 169 Mo. 397; Nagel v. Railway, 167 Mo. 89; Spears v. Bond, 79 Mo. 471; Stalis

Furnishing Co. v. Wallace, 21 Mo. App. 130; Verdin v. St. Louis, 131 Mo. 151; Fuchs v. St. Louis, 133 Mo. 197; Sidway v. Land & Livestock Co., 163 Mo. 374; Guy v. Washburn, 23 Cal. 211; Kelley v. New Britain, 62 Conn. 232; People v. Village of Cratty, 93 Ill. 180; Roofing Co. v. Pub. Co., 140 Ind. Sup. 158; McLain v. Leicht, 69 Iowa 401; People's Mutual Co. v. Boesse, 92 Ky. 290; Lynch v. Forbesc, 161 Mass. 302; Scrogen v. Lumber Co., 41 Neb. 195; Day v. Duckworth, 40 N. Y. Sup. 378; Pennsylvania Co. v. Platt, 25 N. E. 1028 (Ohio); Sprague v. Fletcher, 67 Vt. 46; Laurenstein v. Fond du Lac, 28 Wis. 336.   (3)· The petition does not contain any statement from which it can be determined that, at the time of the commencement of the suit, nor at any time since anything has been presently due from defendant to plaintiff. This is an essential requisite and its omission a fatal defect.   Brewer v. Swartz, 94 Mo. App. 392; Wright & Sons v. Insurance Co., 73 Mo. App. 367; Shaver v. Ins. Co., 79 Mo. App. 424.   (4)   Exhibits filed with the petition form no part thereof and can not be considered in determination of its sufficiency.   Pomeroy v. Fullerton, 113 Mo. 453; Hickory v. Fugate, 143 Mo. 71.

*Walther & Muench* for respondent.

(1)   The petition is sufficient.   Sec. 60, Pattison's Forms Missouri Pleading; Howe v. Ins. Co., 75 Mo. App. 66; Green v. Sup. Lodge, 79 Mo. App. 183.   (2) Especially after the verdict, when:   (a)   Every just intendment must be given to the allegations of the petition.     Jones v. Phila. Underwriters, 78 Mo. App. 296; Murphy v. Ins. Co., 70 Mo. App. 78; Gustin v. Ins. Co., 90 Mo. App. 373; Boulware v. Ins. Co., 77 Mo. App. 639; Edwards v. Railroad, 74 Mo. 117; Hirsch v. Gr. Lodge, 56 Mo. App. 104; Pattison on Code Pleading, sec. 887; Keaton v. Keaton, 74 Mo. App. 174; Optical

Co. v. Richards, 62 Mo. App. 410; Boudermant v. Ins. Co., 73 Mo. App. 477; Prendergast v. Ins. Co., 67 Mo. App. 426. (b) And all defects and omissions are cured where the issues joined were such as necessarily required on trial proof of the facts defectively stated or omitted. R. S. 1899, secs. 672-3; Richardson v. Farmer, 36 Mo. 36; Bank v. Leyser, 116 Mo. 73; Hurst v. City, 96 Mo. 168. (3) Where the petition omits a necessary allegation, but the course of the trial is the same as if such allegation had not been omitted, the petition may be amended by the appellate court and will not be remanded to the trial court for purpose of amendment. Rowland v. Sprauls, 21 N. Y. Supp. 895; Sawyer v. Railroad, 156 Mo. 477.

REYBURN, J.—The only question urged by appellant is the sufficiency of the statement of plaintiff's cause of action as follows:

"Plaintiff for cause of action states that defendant is a corporation incorporated under the laws of the State of New York and doing business and having an office in the City of St. Louis, Missouri.

"Plaintiff further states that she was, up to the time of his death, the wife of one John F. Robinson; that defendant on the 15th day of November, 1901, in consideration of payment by said John F. Robinson, to defendant of a premium of $22.21 semi-annually during his life, and not to exceed twenty years, executed and delivered to said John F. Robinson, its policy of insurance in writing whereby it insured his life in the sum of one thousand dollars for the benefit of plaintiff. The said policy is herewith filed and marked Exhibit A.

"Plaintiff further states that said John F. Robinson died at the city of St. Louis, on the 11th day of April, 1902, and up to the time of his death all the premiums accrued and due upon policy were duly paid, and that the said Robinson in all respects complied with the

conditions and provisions of aforesaid policy, that plaintiff immediately upon the death of said John F. Robinson, notified defendant of said fact, and did make proofs of death to defendant, in the manner and to the extent required, by blanks furnished by said defendant, which proofs were approved by defendant. That plaintiff has duly demanded from defendant payment of the sum of one thousand dollars, the amount of said policy, but the same has not been paid by defendant nor has any part thereof been paid and defendant is now justly indebted to plaintiff in said one thousand dollars, together with interest from the 11th day of April, 1902, and costs for which plaintiff prays judgment.''

The answer, upon which trial was had, admitted the corporate existence of defendant, denied, in general terms, all other averments of the petition, and then proceeded to plead specifically and at length affirmative defenses based upon charges of misrepresentations by the insured composing warranties, in consideration of which the policy was issued, and a tender of the amount received as the premium upon the policy was made. The affirmative matter of the answer was traversed by a general denial as plaintiff's reply; the answer is not presented in detail as no further error is complained of by appellant as occurring at the trial in which, under the instructions of the court, the jury found a verdict for plaintiff, and from judgment thereon this appeal is taken.

It is argued industriously and with vigor, that the above petition of plaintiff does not state a cause of action and does not set forth the constitutive facts comprehending plaintiff's right of action and alleged mere conclusions of law. This objection was preserved by objection to introduction of any evidence at the beginning of trial for the reason that the petition

stated no cause of action, and by motion in arrest assigning, among others, the same ground.  The question of the sufficiency of a petition when raised by demurrer thereto, differs materially from the question of its adequacy after answer, by way of objection to admission of any testimony, and in latter event, however informal, if the averments set forth defectively a cause of action, the objection is not to be sustained.  Young v. Shinkle etc., 103 Mo. 324.  This rule is well settled in this State that a cause of action defectively stated is good after verdict, and can not be taken advantage of at the trial by objecting to the admission of evidence; where the petition wholly fails to state any cause of action by omission of an essential averment, which by fair and reasonable intendment is not implied in the whole language employed in the petition, such objection to introduction of any evidence may be made in nature of an oral demurrer.  Jones v. Philadelphia etc., 78 Mo. App. 296.  If, however, facts requisite to constitute a cause of action are to be inferred from the petition taken in its entirety, though defective in some of its averments, it should be held ample after verdict, upon the theory that plaintiff will be presumed to have proven at the trial the facts inadequately pleaded.  At its worst, the petition here exhibits a good cause of action imperfectly set forth, not a cause of action substantially defective, and the petition in the severest aspect is but formally, not radically defective, and it must be upheld after verdict.  Seckinger v. Philbert, etc. Co., 129 Mo. 590; Salmon Falls Bank v. Leyser, 116 Mo. 51; Hurst v. City of Ash Grove, 96 Mo. 168; Buck v. Peoples, etc., Co., 46 Mo. App. 555; Sawyer v. Wabash Co., 156 Mo. 468.  Measured by liberal rules of construction now prevailing, as well as by the express terms of the positive statute, there is no room left for doubting the sufficiency of this petition to support the verdict.  R. S. 1899, sec. 629, 672.

Judgment affirmed. *Bland, P. J.*, and *Goode, J.*, concur.