THE CITY OF TARKIO, Appellant, v. W. R. LOYD, Respondent.

Kansas City Court of Appeals, November 7, 1904.

1. **APPELLATE PRACTICE: Regularity of Action: Presumption.** The presumption, in the absence of proof to the contrary, is that the action of the court was regular and legal.

2. **MUNICIPAL CORPORATIONS: Police Court: Appeals: Recognizance.** In an appeal from a police court of a city of the fourth class, the defendant's recognizance does not bind him and his sureties to pay the fine or cost if the judgment be affirmed; but only that he will appear, prosecute the suit, obey the orders of the court and not depart without leave, and is governed by the statute regulating appeals from justices of the peace in misdemeanors and not civil cases.

3. ———: ———: **Complaint Against Mercantile Agent: Ordinance.** Under an ordinance making one soliciting orders for future delivery of goods, except books, etc., and providing that it shall not apply to owners, etc., a mercantile agent liable to pay a license, the complaint against such an agent should negative the exception and the proviso, otherwise, it will be insufficient. Distinguishing State v. Bockstruck, 136 Mo. 335.

Appeal from Atchison Circuit Court.—*Hon. Gallatin Craig*, Judge.

AFFIRMED.

*W. R. Littell* for appellant.

(1) The court erred in overruling the plaintiff's motion to dismiss the defendant's appeal for the reason that defendant failed to file bond in the time required by law. Sec. 5929, R. S. 1899; secs. 4059 and 4060, R. S. 1899; Devore v. Staeckler and Sparfield, 49 Mo. App. 547. (2) The court erred in overruling plaintiff's motion to dismiss the defendant's appeal for the reason that defendant failed to file an appeal bond conditioned for the payment of costs as required by law and the order of the police judge granting the appeal. R. S. 1899, sec. 5929; R. S. 1899, secs. 4059 and 4060; Devore v. Staeckler and Sparfield, 49 Mo. App. 547. (3) The court erred in sustaining defendant's motion to dismiss the cause for the reason that the ordinance upon which suit was brought was a valid ordinance, notwithstanding the exception contained therein. State ex rel. W. A. Moody, col., v. Wardell, — Mo. — ; Lamar v. Weidman, 57 Mo. App. 507; sec. 5978, R. S. 1899; Aurora v. McGannon, 138 Mo. 38. (4) The ordinance was complete in itself, without the exception clause and was valid and capable of being enforced without such clause, and, therefore, constitutional and the court erred in not so finding and holding. Railroad v. Brick Co., 85 Mo. 307; secs. 5958, 5978, R. S. 1899; Lamar v. Weidman, 57 Mo. App. 507; St. Louis v. Railroad, 14 Mo. App. 221; Water Co. v. Neosho, 136 Mo. 511; Verdin v. St. Louis, 131 Mo. 137; Tarkio v. Cook, 120 Mo. 7; St. Louis v. Railroad, 89 Mo. 44.

No brief for respondent.

BROADDUS, J.—Proceedings were instituted against defendant on the twenty-fourth day of April, 1901, on the following complaint filed with the police judge of the plaintiff city and upon which he was tried and convicted, to-wit: "W. R. Loyd, defendant, to city of Tarkio, Missouri—Debtor.

"To the violation of the city ordinance requiring

persons engaged in soliciting orders from house to house for the future delivery of goods, wares or merchandise without a city license—one hundred dollars. In this to-wit: that the said W. R. Loyd, on or about the twenty-second day of April, 1901, at the city of Tarkio, and within the corporate limits thereof, did then and there unlawfully engage in the business of soliciting orders, from house to house, for the future delivery of goods, wares and merchandise without first obtaining a city license. All of which is contrary to said ordinance in such cases made and provided, and against the peace and dignity of the said city of Tarkio.''

Said complaint was signed and sworn to by one F. M. Meek. Upon his conviction, defendant filed affidavit for appeal to the circuit court of the county, but did not enter into the required recognizance prescribed by the statute in such cases.

When the case came up in the circuit court, the plaintiff filed a motion to dismiss defendant's appeal and affirm the judgment of the police court for the reason that the defendant had failed to file an appeal bond within the time required by law; and had failed to file such bond conditioned for the payment of costs of suit, as required by law and the order of the police court. While this motion was pending, the defendant filed a motion to dismiss the complaint on various grounds, some of which will be particularly noticed hereafter.

On the third day of June, plaintiff's motion to dismiss the appeal was overruled; and defendant's motion to dismiss the action was sustained. And on the same day defendant filed his recognizance on his appeal—but it does not appear whether it was filed before or after the motion to dismiss the appeal was overruled. The presumption is, however, that it was before and not afterwards, as that would have been proper—the presumption always being, in absence of

proof to the contrary in matters of this kind, that the action of the court was regular and legal. But this could make no difference, as will be seen hereafter. The plaintiff appealed from the action of the court in overruling its motion to dismiss the appeal and from its action in sustaining the motion of defendant to dismiss the action. The plaintiff labors under the mistaken idea that the statute governing appeals from justice's courts in civil procedure applies to appeals from judgments in police courts of cities of the fourth class, of which plaintiff.is admitted to belong. The defendant's recognizance on his appeal does not bind him and his securities to pay either the fine or costs in the event that the judgment against him should be affirmed. It only provides for his appearance at the next term of the circuit court; that he will prosecute his appeal with due diligence to a decision; that he will obey every order wh' ;h shall be made in the premises; and that he will not depart the court within leave. It is in the form provided by section 2784, Revised Statutes 1899, which regulates appeals in cases of misdemeanors. Section 5937, *idem*, pertaining to cities of the fourth class, provides that appeals from convictions under section 5934, *idem*, for violation of ordinances of such cities, ''shall be taken in the time and manner provided by the statutes in relation to appeals from judgments of justices of the peace in cases of misdemeanor.'' As the bond in question conforms in every essential particular to the requirements of section 2784, Revised Statutes 1899, prescribing the form of bond for appeals in cases of misdemeanor, the action of the court in refusing to dismiss the appeal for the reasons assigned was proper. The plaintiff's insistence is, that section 5929 applies to the mode of taking appeals in cases of this kind. But said section has reference to appeals from judgments on forfeited recognizances and not to appeals from judgments imposing a fine or imprisonment.

It is true defendant did not give his recognizance

until after the case came up for hearing in the circuit court, but his failure to give his recognizance did not, by an express provision of section 2782, *idem,* prevent his appeal. Therefore, whatever may be urged against the recognizance in question, as to either form or substance, is of no avail as the appeal was, in effect, without any kind of recognizance whatever.

In his motion to dismiss the complaint defendant assigned the following reasons: because it did not negative the provisions of the ordinance that it was not to apply to owners or other persons who shall sell, solicit or take orders for future delivery in wholesale lots to retail dealers of any wares, goods or merchandise; and because it fails to except books, charts, maps and stationery as provided by the ordinance. The ordinance reads as follows:

"Whosoever shall go from place to place for the purpose of soliciting or taking orders for future sale or delivery of any goods, wares or merchandise, *except books, charts, maps and stationery,* is hereby declared to be a mercantile agent. *Provided, that this ordinance shall not apply to owners or other persons who shall sell, solicit or take orders for the future delivery in wholesale lots to retail dealers, of any goods, wares or merchandise."*

We are of the opinion that the objections were well taken and that the action of the court in dismissing plaintiff's statement was correct. We have italicised the parts of the ordinance containing the exceptions of certain classes or persons from its operations. The complaint does not negative these exceptions. But as it is a negative contained in the ordinance creating the offense, it was necessary to aver it in the information and necessary to prove it. State v. Schuerman, 70 Mo. App. 518; State v. Hirsch, 45 Mo. 429; State v. Sparrow, 52 Mo. App. 374; State v. Raymond, 54 Mo. App. 425.

In State v. Bockstruck, 136 Mo. 335, it was held:

"If the ingredients constituting the offense are capable of exact definition without reference to the exception or proviso, then such reference may with safety be omitted, etc., it is not descriptive of the offense, but only matter of defense to be brought forward by the accused."

It will readily be perceived that this decision is not in conflict with the other cases cited. The ordinance in question, without the negative exceptions, would include within its terms persons engaged in taking orders for future delivery of books, maps, charts, etc., owners who sell to retail dealers, as well as those against whom the ordinance is intended to operate. Consequently, the case does not fall within the rule adopted in the Bockstruck case, supra.

Cause affirmed. All concur.