## PAUL McKINLEY, Respondent, v. LAWRENCE COUNTY WATER COMPANY, Appellant.

**Springfield Court of Appeals, December 6, 1909.**

1. **PRACTICE: New Trial: Error in Sustaining Demurrer.** Where the court, after a trial is begun, and before plaintiff has rested, sustains a demurrer and instructs the jury to find for the defendant, this was an error sufficient to justify the lower court in granting a new trial.

2. ———: ———: **Failing to Assign Reasons For Granting.** It is not reversible error for the trial court to fail to assign reasons for granting a new trial.

3. ——: ——: **Court's Discretion in Granting.** . The trial courts in granting new trials have large discretionary powers, which will not be interfered with by the appellate courts unless such discretion is abused or unwisely exercised.

4. ——: **Amendment: New Trial May be Granted to Amend Pleading.** The court is expressly authorized, under section 800, Revised Statutes 1899, to grant a new trial so as to permit a petition or pleading to be amended.

5. ——: **Objections to Pleadings Before Trial.** There is a marked difference between an objection made to a pleading previous to the trial and one made after the trial is in progress.

6. **JUSTICE COURTS: Sufficient Statement.** Where the statement filed in the justice court is sufficient to support a judgment in that court, it is sufficient to support a judgment in the circuit court. Statement examined in this case and held sufficient.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston*, Judge.

AFFIRMED.

*H. H. Bloss* for appellant.

(1) If the plaintiff relied on some ordinance duty to him from the defendant, which was being violated, it was his duty to plead the ordinance either in substance or effect, so that the court could determine what the duty was. Keane v. Klousman, 21 Mo. App. 485; Givens v. Van Studdiford, 86 Mo. 149; Nutter v. Railroad, 22 Mo. App. 356; Moberly v. Hogen, 131 Mo. 19. (2) If the plaintiff relied on a contract duty flowing to him from the defendant and its violation on account of which he sustained the fifty dollars damages he was suing for, then, it was his duty to either set out the contract in his pleading, *in haec verba* or according to its legal effect with proper assignment of the breach of the contract relied on. Currell v. Railway, 97 Mo. App. 93; Oaks v. School District, 98 Mo. 163; Laclede Con. Co. v. Tudor Iron Works, 169 Mo. 137.

*James A. Potter* and *I. V. McPherson* for respondent.

Any statement of a cause of action sufficient to bar another action and to apprise the defendant of the nature of the claim is sufficient before a justice of the peace. Mitchell Fur. Co. v. Payton, 4 Mo. App. 564; Razor v. Railroad, 73 Mo. 471; Gibbs v. Railway, 11 Mo. App. 459; Muckel v. Rose, 15 Mo. App. 393; Lewis v. Baker, 24 Mo. App. 682; Witting v. Railway, 28 Mo. App. 103; Damhorst v. Railway, 32 Mo. App. 350; Hill v. Scott, 38 Mo. App. 370; Boefer v. Sheridan, 42 Mo. App. 226; Lee v. Telegraph Co., 51 Mo. App. 375; Polhaus v. Railroad, 85 Mo. App. 153.

GRAY, J.—On appeal from the justice of the peace, before whom it originated this cause was tried before a jury in the circuit court of Lawrence county, March 9, 1909, on the following statement (omitting caption):

"For a cause of action against the defendant plaintiff says that defendant is a corporation doing business under a franchise within the city of Aurora, Missouri, as a water company under an ordinance of the city to furnish water to citizens of Aurora, by ordinance and the plaintiff says that he had hydrants under the J. Ginna contract and that he franchised and sold to the Lawrence County Water Company; the plaintiff says that defendant cut the little main to his hydrant October 23, 1906, and put in a meter which plaintiff agreed to and signed a contract for the meter and to be responsible for the same and to pay for water at twenty-five cents a one thousand and paid for the same till July 3, 1908, defendant without notice taken the meter away and left my hydrant cut off from the water, damaging the plaintiff the sum of $25 (twenty-five dollars) a month for which the plaintiff asks judgment for $50 (fifty dollars) and all costs in the cause. September 5, 1908."

At the beginning of the trial, the defendant objected to introduction of testimony for the reason that

the statement failed to state a cause of action. This objection was overruled by the court, and the plaintiff called one G. G. Hillhouse as a witness in his behalf. This witness, after preliminary questions as to his age, residence and occupation, was asked the following question by the plaintiff, who conducted his own case: "State whether or not at that time I had arrangement for a bunch of houses, not under the full rate rule, but on condition—in your own way state the contract?" To this question the attorney for the defendant objected as follows: "We object to that question for the reason the petition declares that there was a written instrument signed up and forming the basis of the contract and oral testimony as to its contents, would be inadmissible. And for the further reason the petition wholly fails to state any obligation of any contract or any terms by which the court can determine that there is any duty owing by the water company to McKinley in violation of it." The bill of exceptions shows after this objection was made, the following proceedings only: "Objection sustained by the court. At this point the defendant interposed a demurrer, which the court sustained, which said demurrer was in the following language: 'The court instructs the jury that under the law, pleadings and evidence in this case, it should find the issues for the defendant.' And this was all the evidence in the case."

Within proper time the plaintiff filed a motion for new trial, alleging among other grounds, the following: "The court erred in sustaining objections to the sufficiency of plaintiff's petition. The court erred in giving instruction numbered 1, at the instance and request of defendant." The court sustained the motion for new trial, but without assigning any grounds therefor, as required by section 801, Revised Statutes 1899.

From the action of the court sustaining the motion for a new trial, the defendant has appealed to this court. The respondent has filed printed motion to dismiss the

appeal, alleging failure of appellant to comply with the statute and rules regarding an abstract of the record. On account of the disposition made of the case, it will not be necessary to pass upon this motion.

The appellant only complains of one error, to-wit: The action of the court in sustaining the motion for a new trial. The bill of exceptions shows that upon an objection made to one question asked the witness, and which was sustained by the court, the court gave an instruction to the jury to find the issues for the defendant. So far as the record shows, the plaintiff had not rested his case, and the action of the court can only be accounted for on the theory that the court was of the opinion that the statement was not sufficient to constitute a cause of action, or support a verdict based thereon.

It is claimed by appellant that the action of the court was not based on the insufficiency of the statement, as the court had previously overruled an objection thereto, but the bill of exceptions shows conclusively that as soon as the objection to the question was sustained by the court, the defendant interposed a demurrer, and the court sustained it and instructed the jury to find for the defendant. There was, so far as the record shows, no intimation by the plaintiff that he was through with his testimony. The bill of exceptions does recite that after the court had sustained the demurrer and given the instruction, that no other evidence was offered in the case. None should have been. When this instruction was given, there was no use of hearing additional testimony.

If it be conceded that the action of the court in sustaining the demurrer was not based upon the belief by the court that the statement was too defective to support a verdict, then the court certainly was right when it set aside the verdict and granted a new trial, as it was the duty of the court to wait until the plaintiff had

announced he was through with the evidence in chief before giving the instruction.

Appellant complains of the action of the court in granting a new trial without assigning reasons therefor, as provided by statute heretofore cited. This action of the court was not a reversible error. [Smith v. Sedalia, 152 Mo. 283; Sharp v. Odom, 121 Mo. App. 565; Secrist v. Eubank, 104 Mo. App. 113.]

There is but one question left, to-wit: Is the statement sufficient to support a verdict? No objection was made to the sufficiency of the statement before the justice or in the circuit court, until the jury had been sworn to try the case on its merits. There is a marked difference between an objection made to a pleading previous to the trial, and one made after the trial is in progress. [Robinson v. Metropolitan Life Ins. Co., 105 Mo. App. 567; Spalding v. Nesbit, 104 Mo. App. 447; Maugh v. Hornbeck, 98 Mo. App. 389.]

The statement filed before the justice alleged that the defendant was a corporation furnishing water to the citizens of Aurora, and that it put a meter on plaintiff's hydrants in October, 1906; that plaintiff accepted the same and agreed to pay for the water at the rate of twenty-five cents per one thousand gallons, and did so pay for it until the 3d day of July, 1908, when the defendant, without notice to him, took the meter away and left him without water to his damage. This statement filed before a justice of the peace, we believe would have supported the judgment by the justice against the defendant, and if sufficient for that purpose, it was sufficient to support a judgment in the circuit court.

In Lemon v. Lloyd, 46 Mo. App. 452, the court said: "Justice courts were created, no doubt, upon the idea that ordinarily every litigant therein could be his own lawyer. The statutes governing the practice and proceedings in these courts should be construed so as to make it possible for any plain, common-sense citizen to there appear and prosecute or defend an ordinary ac-

tion." In McReynolds v. The Railroad Co., 115 Mo. App. 676, the court said: "Redundancy and surplusage may be disregarded and the complaint held good if there is enough in it to state a cause of action and to bar a second suit on the same state of facts."

We believe the statement in this case sufficient, under the decisions of this State, to support a judgment. In any event, it is not an absolute nullity, but can be amended, and it may be that the idea of the trial court in granting a new trial was to permit an amendment, and for this purpose the court is expressly authorized by section 800, Revised Statutes 1899, to grant a new trial. In Gould v. St. John, 207 Mo. 619, Judge Burgess said: "It is well established, that courts in granting new trials, have large discretionary powers, and the Supreme Court will not interfere with such discretion unless it appears to have been unwisely exercised." How can we say that the circuit court in this case unwisely exercised its discretion in sustaining the motion for a new trial? If the bill of exceptions records the proceedings exactly as they took place, we have the unusual situation of a court on an objection to a single question being sustained, instructing the jury to find the issues for the defendant without waiting for the plaintiff to finally close his case.

It may be the trial court was of the opinion that an injustice had been done the plaintiff in directing the verdict at the time the same was done, and for this reason, set the verdict aside, and in so doing, we cannot find that the court committed error, or in any wise abused the discretion it has in such matters. The judgment will be affirmed. All concur.