# VILLAGE OF KOSHKONONG, Appellant, v. J. N. BOAK, Respondent.

Springfield Court of Appeals, July 28, 1913.

1. MUNICIPAL CORPORATIONS: Prosecution Under Ordinance: A Civil Action. A prosecution for the violation of an ordinance is not a criminal action but a civil one and the sufficiency of the complaint thereunder is determined by the rules applicable in other civil actions.

2. ————: Complaint. In a prosecution for the violation of a city ordinance, the complaint need not be so formal or technical as an indictment or information for a criminal offense against the laws of the State, any pleading which would be sufficient in an action for debt before a justice of the peace being sufficient.

3. ————: Stock Running at Large: Complaint: Negativing Exceptions. In a prosecution under an ordinance which provided that hogs and certain other named animals should not be allowed to run "at large" outside the enclosure of the owner, provided further that the ordinance should not apply to any of the animals mentioned while being driven through the streets by the owner or person in charge of them, *held* that the provision that the animals must be outside the enclosure of the owner did not constitute an exception which it was necessary to negative in a complaint; *held, further*, that it was not necessary to negative the provision relating to such animals while being driven through the streets by the owner or other person in charge of them.

4. APPEAL AND ERROR: Matters Reviewable. The appellate court is not a forum in which to discuss new points in a case, but merely a court of review to determine whether the rulings of the court below as presented were correct or not.

5. ————: Review: Only of Matters Submitted to Trial Court. An action for a violation of an ordinance was erroneously

Koshkonong v. Boak.

dismissed because of supposed defects in the compliant. *Held,*
that the erroneous dismissal could not be sustained on appeal
because of the alleged invalidity of the ordinance, such point
not having been submitted to the trial court.

Appeal from Texas County Circuit Court.—*Hon. L. B.
Woodside,* Judge.

REVERSED AND REMANDED.

*Lamar, Lamar & Lamar* for appellant.

(1) A proceeding for a violation of a city ordi-
nance is a civil and not a criminal action, and the suffi-
ciency of the complaint will be tested by the rules
applicable to other civil cases. City of Mexico v.
Harris, 115 Mo. App. 707; Carthage v. Bird, 146 Mo.
App. 325; Gallatin v. Tarwarter, 143 Mo. 46; Car-
ruthersville v. Pallsgrove, 155 Mo. App. 564; Hanni-
bal v. Dudley, 158 Mo. App. 261; Stephens v. Kansas
City, 146 Mo. 465; St. Louis v. Marshall, 99 Mo. 475.
(2) It is not even required, when the complaint is made
by the marshal and the defendant is in custody of the
court that the complaint be in writing at all. R. S.
1909, sec. 9450; Village of Oran v. Blees, 52 Mo. App.
599. (3) Where the exception or proviso is not an
ingredient of the offense set forth in the clause defining
the offense, but is in a subsequent clause separable from
the proviso thereof, it is unnecessary for the indictment
to negative the proviso. In such cases the subsequent
clause or statute is a matter of defense. 22 Cyc.
344 d; State v. Buford, 10 Mo. App. 744; State v.
Smith, 233 Mo. App. 242; State v. Shiflett, 20 Mo. App.
415; State v. O'Gorman, 68 Mo. App. 189; State v.
Cox, 32 Mo. App. 566; State v. Hale, 72 Mo. App. 78;
State v. Stocket, 80 Mo. App. 356; State v. Bockstruck,
136 Mo. App. 365; State v. Handler, 178 Mo. App. 42;
State v. Sutton, 24 Mo. App. 377; State v. Snider, 182
Mo. App. 498; State v. Elam, 21 Mo. App. 290; State
v. Seal, 47 Mo. App. 305; State v. O'Brien, 74 Mo. App.
549.

*Dooley, Hiett & Scott,* for respondent.

(1)   Where there is an exception or proviso in the same clause or section of the statute which created the offense and enters into and becomes a part of the description of the offense, or is a material qualification of the language defining or creating the offense, the indictment must show by proper negative averments that the offense of which the defendant is accused does not come within the exceptions or proviso.   Kelley's Criminal Law, Par. 193, p. 116; State v. Renkard, 150 Mo. App. 570; State v. Casto, 231 Mo. 398; State v. Crenshaw, 41 Mo. App. 24; State v. Sparrow, 52 Mo. App. 374; State v. Meek, 70 Mo. 355; Tarkio v. Loyd, 109 Mo. App. 171; Billings v. Brown, 106 Mo. App. 240; St. Louis v. Babcock, 156 Mo. 148.   (2) The ordinance upon which this prosecution is based is void because it exceeds the powers given to the municipality by statute.   Sec. 9436, R. S. 1909.   Leach v. Cargill, 60 Mo. 316; Knox City v. Thompson, 19 Mo. App. 523; Joplin v. Jacobs, 119 Mo. App. 134; Nevada v. Eddy, 123 Mo. 546; Chillicothe v. Henry, 136 Mo. App. 468; State ex rel. v. Berryman, 142 Mo. App. 373; State ex rel. v. Wilson, 151 Mo. App. 723-726. (3)   If there is any doubt that a certain power or authority has been given a municipality, such doubt must be resolved in the favor of the citizen.   Chillicothe v. Henry, 136 Mo. App. 468; State ex rel. v. Berryman, 142 Mo. App. 373; State ex rel. v. Wilson, 151 Mo. App. 723-727; State v. Butler, 178 Mo. 272; Independence v. Cleveland, 167 Mo. 384-388.   (4) Whether this proceeding be viewed by this court as simply a civil action or as a quasi criminal action, the complaint should state a cause of action sufficient to meet the requirement of pleadings in the justice courts. St. Louis v. Babcock, 156 Mo. 148; St. Joseph v. Harris, 59 Mo. App. 122; Memphis v. Connor, 53 Mo. App. 468; Lamar v. Hewitt, 60 Mo. App. 314; Tarkio v. Loyd, 109 Mo. App. 171.

FARRINGTON, J.—Respondent was found guilty of a misdemeanor and fined ten dollars before the chairman of the board of trustees of the village of Koshkonong, and appealed to the circuit court, but with the same result. However, his motion for a new trial was sustained, and he then presented and the circuit court sustained a motion to dismiss the cause in which is alleged: "1. Because the court has no jurisdiction to try this cause. 2. There was no complaint filed in the village court on which to base this cause. 3. That the complaint on which this prosecution was based was not verified by any person as required by law. 4. Because the pretended complaint filed herein does not follow the ordinance upon which it purports to be based." The appeal is from the refusal of the circuit court to set aside the judgment of dismissal.

Ordinance No. 52 of the village is as follows (formal parts omitted):

"Sec. 1. No horse, mule, ass, cattle, steer, cow, bull, calf, heifer, swine, sheep, nor hogs shall be allowed to run at large, at any time, within the corporate limits of the village of Koshkonong, outside the inclosure of the owner.

"Provided, That this ordinance shall not apply to any animals above mentioned while being driven through the streets, avenues or alleys of said village by the owner or any other person having charge or control of them.

"Sec. 2. The owner of any of such animals who shall permit any such animal to run at large within the corporate limits of the village of Koshkonong contrary to the provisions of section 1 of this ordinance shall be deemed guilty of a misdemeanor and upon conviction shall pay a fine of not less than one dollar nor more than ten dollars."

By ordinance No. 56, section 2 of the above ordinance was amended so as to read as follows:

"Sec. 2. The owner or any person having the charge or control of any such animals who shall permit such animals to run at large within the corporate limits of the village of Koshkonong contrary to the provisions of section 1 of this ordinance shall be deemed guilty of a misdemeanor and upon conviction shall pay a fine of not less than one dollar nor more than one hundred dollars."

The complaint in this case is as follows (formal parts omitted):

"To the Town of Koshkonong, Dr.   To violation of ordinance No. 52 in relation to the running at large of certain stock, in said ordinance described, within the corporate limits of said town or village of Koshkonong, ten and no-100 dollars.   In this, to-wit: That the said J. N. Boak on the 14th day of June, 1911, at the town of Koshkonong, and within the limits thereof did then and there unlawfully allow to run at large within the corporate limits of the said town or village of Koshkonong one certain lot of hogs, the property of the said J. N. Boak, contrary to the said ordinance in such cases made and provided and against the peace and dignity of the town of Koshkonong."   This complaint is signed and sworn to by the marshal of the village.

It will be observed that the complaint follows substantially the form prescribed in section 9450, Revised Statutes 1909.

Respondent defends the action of the circuit court in dismissing the cause by the contention that the complaint was fatally defective in that it did not negative the provision of the ordinance concerning animals running at large within the owner's inclosure, nor the proviso of the ordinance concerning animals being driven through the streets of the village by the owner or any other person having charge or control of them.   And respondent argues, drawing on the decisions affecting indictments and informations in

criminal cases, that "Where there is an exception or proviso in the same clause or section of the statute which created the offense and enters into and becomes a part of the description of the offense, or is a material qualification of the language defining or creating the offense, the indictment must show by proper negative averments that the offense of which the defendant is accused does not come within the exceptions or proviso," citing State v. Renkard, 150 Mo. App. 1. c. 573, 131 S. W. 168; State v. Casto, 231 Mo. 1. c. 408, 132 S. W. 1115; State v. Crenshaw, 41 Mo. App. 24; State v. Meek, 70 Mo. 1. c. 356, 357; State v. Sparrow, 52 Mo. App. 374. And it is said that this rule applies to prosecutions under town ordinances, citing, among others, the case of City of Tarkio v. Loyd, 109 Mo. App. 171, 82 S. W. 1127.

It has long been the settled law that a prosecution for violation of an ordinance is not a criminal action, but a civil one, and that for this reason the sufficiency of a complaint thereunder is to be determined by the same rules as are applicable in other civil cases. [City of St. Louis v. Weitzel, 130 Mo. 600, 31 S. W. 1045; City of Carthage v. Bird, 146 Mo. App. 1. c. 328, 129 S. W. 1054.] The complaint in such prosecutions need not be so formal and technical as an indictment or information for a criminal offense against the laws of the State. [City of Gallatin v. Tarwater, 143 Mo. 1. c. 46, 44 S. W. 750.] This logically leads to the conclusion that in prosecutions for violation of town ordinances (where a written pleading of any kind is required), any pleading which would be sufficient in an action for debt before a justice of the peace would comply with the requirements of the law. "Generally, it is sufficient to charge the offense in the language of the ordinance and with such certainty as to time, place and manner as to reasonably notify defendant of the charge preferred, thereby enabling him to prepare his defense and subsequently to plead *res adjudicata* or

(if criminal terminology is to be used) *autrefois convict* or *autrefois acquit*." [St. Louis v. Ameln, 235 Mo. l. c. 678, 139 S. W. 429.] It is held that a statement filed before a justice of the peace need merely be definite enough to fairly inform the defendant of the nature of plaintiff's demand, and to furnish a sufficient basis for a plea of adjudication in the event a final judgment be rendered. [Cardwell v. Conner, 142 Mo. App. l. c. 18, 125 S. W. 234.] And that if the statement filed before the justice is sufficient to support a judgment for plaintiff in that court, it is sufficient to support a judgment for him in the circuit court. [McKinley v. Lawrence County Water Co., 139 Mo. App. 297, 123 S. W. 77.] The complaint in this case follows the form given in the statute almost word for word and is certainly sufficient, considered in the light of the liberal rules governing pleadings in civil cases in the courts of inferior jurisdiction. Indeed, the statute (section 9450, R. S. 1909) provides that the complaint, when made by the marshal, need not be in writing if the defendant be present in court and in custody; however, there is no showing that this defendant was present in court and in custody.

We think the circuit court was clearly in error in holding that the complaint was defective in that it did not negative the proviso of the ordinance concerning animals being driven through the streets by the owner or any other person having charge or control of them. "It is a well settled rule, that when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains." [State v. Shiflett, 20 Mo. l. c. 417; State v. Cox, 32 Mo. l. c. 568.] "Wherever an exception is contained in the section defining an offense, and constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged.

. . . But where, as in the case at bar, the section
which defines the offense contains a proviso exempting
a class therein referred to, from the operation of the
statute, it is unnecessary to negative the proviso, but
the exemption therein contained must be insisted
on by way of defense, by the party accused." [State
v. O'Brien, 74 Mo. 549; State v. Sutton, 24 Mo. 377;
State v. Buford, 10 Mo. 703; State v. Meek, 70 Mo.
l. c. 357; State v. Bockstruck, 136 Mo. l. c. 351, 38
S. W. 317.] As the proviso was a distinct paragraph or
clause, merely exempting a class therein referred to
from the operation of the ordinance, the complaint was
not defective because it did not negative that proviso.

Now there is a clause in section 1 of the ordinance,
namely, "outside the inclosure of the owner," which
respondent contends is an exception which should be
negatived in the complaint. The authorities last
above cited lay down the rule concerning exceptions as
well as provisos. Courts must be reasonable in con-
struing ordinances, and where there is ambiguity, give
them a construction which accords with common
sense. It would not be common sense to suppose that
the board of trustees of Koshkonong intended to
enforce a penalty against a citizen who permitted his
animals to be loose *inside* the owner's inclosure; yet
that is what respondent's argument leads to. The
board of trustees said in the ordinance that the enumer-
ated animals shall not be allowed to run *at large*
within the corporate limits of the village of Koshko-
nong, and might have stopped there, because the words
"at large" plainly import that the animals would be
"outside the inclosure of the owner." Webster, under
the word "large," defines "at large" as follows:
"Without restraint or confinement; as to go *at large.*"
The term is defined in 4 Cyc. at page 366 as follows:
"Not limited to any particular matter, point, or ques-
tion; not under physical restraint." Again, in 28 Cyc.
778: "A dog or a horse is 'at large' if loose in a public

place out of the immediate presence of his owner or
keeper; . . . Cattle or other animals herded on
private premises are not 'running at large;' nor are
they so even though loose on the street, if under the
control of their owner, a shepherd, or herdsman."
Also in 2 Cyc. at page 443: "Going at large, when pred-
icated of animals, has been held to mean the being
without restraint or confinement." [See, also, Nehr
v. State (Neb.), 17 L. R. A. 771; Allen v. Hazzard
(Tex.), 77 S. W. 268; Goener v. Woll (Minn.), 2 N. W.
l. c. 165; Eklund v. Toner (Mich.), 80 N. W. 791; In-
man v. Railway Co. (Iowa), 15 N. W. 286; Valleau v.
Railway Co. (Iowa), 36 N. W. 760.] The complaint, by
charging in the language of the ordinance that the hogs
were allowed to run "at large" within the corporate
limits of the village, was sufficient, under the liberal
rules of construction applying to civil practice in courts
of inferior jurisdiction. Under the decisions cited,
even though the rules governing criminal prosecutions
should be applied, the Statute of Jeofails (section 5115,
R. S. 1909) provides that no indictment or informa-
tion shall be deemed invalid "for any surplusage or
repugnant allegation, when there is sufficient matter
alleged to indicate the crime and person charged; nor
for want of the averment of any matter not necessary
to be proved; . . . nor for any other defect or
imperfection which does not tend to the prejudice of
the substantial rights of the defendant upon the merits:
Provided, that nothing herein shall be so construed as
to render valid any indictment which does not fully
inform the defendant of the offense of which he stands
charged."

In the case of City of Tarkio v. Loyd, supra, relied
on by respondent, as said by the Supreme Court (St.
Louis v. Tielkemeyer, 226 Mo. l. c. 138, 125 S. W. 1123)
in commenting on that case, "the ordinance, in defin-
ing the act forbidden, made certain exceptions, and it
contained a proviso that it should not apply to persons

of a certain class. The exceptions and the qualifying words of the proviso were a part of the definition of the act forbidden, and, therefore, the doing of the thing forbidden could not be charged in the language of the ordinance without specifying the exceptions and the qualifying terms of the proviso with negative averments. The law was correctly applied to the facts of that case."

Respondent insists that the ordinance upon which this prosecution is based is void for the reason that it exceeds the powers given to the village by the statute; that the ordinance prohibits anyone letting hogs run at large within the limits of the corporation, whereas the statute (section 9456, R. S. 1909) only gives the municipal legislature the power to enact an ordinance prohibiting anyone letting hogs run at large in the streets and alleys of the village.

This question was not raised by the respondent in the circuit court nor passed upon by that tribunal. A respondent as well as an appellant should be bound by the principle that litigants must try their cases in the appellate court on the same theory as that on which they proceeded below. When an appellant urges a point on appeal which was not presented below, he is told that his course is not fair to the trial court; that he should have given that court full opportunity to pass upon all questions to be raised. Here, respondent seeks to obtain an order of affirmance by springing for the first time a certain contention—clearly an afterthought. It should be remembered that this is not a court, of first instance, but of review. In State ex rel. Jackson County v. Chick, 146 Mo. l. c. 661, 48 S. W. 829, the Supreme Court in disposing of a certain contention, said: "This point is presented *here* for the *first* time. No such question was submitted to or passed upon by the trial court. Our duty is to review the rulings of *that* court, not to pass upon a *new* case." This court has held that "the trial of a cause in an ap-

pellate court is a trial of the errors of law committed by the trial court, and positions taken on appeal will not be allowed which are antagonistic to the positions taken at the trial." [Leckie v. Bennett, 160 Mo. App. l. c. 156, 141 S. W. 706.] "The appellate court is not a forum in which to discuss new points, but merely a court of review to determine whether the rulings of the court below as presented were correct or not." [8 Ency. Pld. and Prac., 163.] In Naylor v. Cox, 114 Mo. l. c. 242, 21 S. W. 589, the Supreme Court said that its jurisdiction in such a case was wholly appellate and that it could not review questions that were not mooted in the trial court.

Now in the case of Burnett v. Telegraph Co., 39 Mo. App. l. c. 612, the court used this language: "It is a rule of appellate procedure that a case cannot be tried upon one theory, and determined in the appellate court upon another theory. But the rule has no application to cases where the judgment of the trial court is affirmed for reasons other than those on which the trial court proceeded; for, although the trial court has given the wrong reason for the right judgment, or an insufficient reason for a correct judgment, the judgment is not to be reversed, if it is supported by good reasons, and if it is an application of the law to the undisputed facts." No authorities are cited. We think there are cases where that principle would apply, but we do not agree that this is one of them. "There is some authority for the view that any reason which is good in itself may be urged in the appellate court for the purpose of sustaining a judgment or order, though such reason was not presented to the court below. But even the courts which sanction this rule have shown a disposition to limit its application. And the prevailing doctrine undoubtedly is that a judgment or order which was rendered upon one ground cannot, in the appellate court, be sustained upon another and different ground which was not presented to the court below."

[2 Cyc. 675.] The strongest statement of the doctrine that a respondent may in the appellate court urge reasons in support of the judgment not presented below, which we have found, is the following, which occurs in the case of First Nat. Bank v. Wright (Iowa), 50 N. W. 23, "It becomes, then, a question if appellant (appellee?) may, without appealing, protect a judgment in its favor of which it does not complain, by showing that, on the face of the record, notwithstanding the adverse action of the district court on its motion, it was entitled, as a matter of law, to such judgment, when the effect is to avoid the errors assigned by appellant as without prejudice. To the query we now give an affirmative answer."

Cases almost without number exist in our reports which deny the appellant the right to spring a new theory in the appellate court, and which hold that where both parties try a case in the circuit court on a certain theory they will be held to that theory in the appellate court. But we have searched the books for a case where a respondent, as here, seeks to obtain an affirmance by presenting a theory not urged below. In Walker v. Owen, 79 Mo. l. c. 567, 568, a much cited case, our Supreme Court said: "Counsel for respondent insists, for the first time in this court, we think, that the judgment should be affirmed because the record fails to show that plaintiff adduced a perfect title to the lot. If from this we are to understand that she did not trace her title to the original source, it is very clear that no such question was mooted in the court below. . . . Had plaintiff understood that her title was controverted to its original source, she would probably have been able to trace a perfect paper title. Be this as it may, the question of title was not tried or mooted further than heretofore stated, the case was submitted by counsel and decided by the court on an entirely different theory, and respondent is not entitled to an affirmance

173 Mo. App. 21

of his judgment on a theory not tried below. It would be an act of gross injustice to plaintiff to affirm this judgment on a question that has never yet been decided in this court, when she was denied a recovery on the sole ground that the contract on which she relied was absolutely void because not signed by the defendant. Respondent must stand or fall in this court by the theory on which he tried and submitted his case in the court below." See, also, Oglesby v. Railway Co., 150 Mo. l. c. 176, 37 S. W. 829, 51 S. W. 758; Holmes v. Braidwood, 82 Mo. l. c. 617; Kilpatrick v. Wiley, 197 Mo. 128, 171, 95 S. W. 213; Woodson v. Street Ry. Co., 224 Mo. l. c. 708, 123 S. W. 820; St. Louis v. Wright Contracting Co., 210 Mo. l. c. 501, 109 S. W. 6; Mitchell v. United Rys. Co., 125 Mo. App. l. c. 11, 102 S. W. 661; and Fink v. Railroad, 161 Mo. App. l. c. 332, 143 S. W. 568, where this court said: "A case on appeal must be disposed of on the same theory on which it was tried below, and the appellate court will not assume that the verdict would have been for the plaintiff had the jury been properly instructed. Such a proceeding would invest an appellate court with jurisdiction to try and determine cases in the same manner as the trial courts. . . . The plaintiff, having pitched his own battle lines, and invited the defendant to a legal combat on grounds that he had himself deliberately selected, must stand or fall in the appellate court by the position he had chosen." In all the cases last above cited, the respondent was denied the right to raise in the appellate court a point he had not presented in the trial court. Furthermore, it is held that a defense cannot be set up for the first time in the appellate court (St. Louis Brokerage Co. v. Bagnell, 76 Mo. 554; Helling v. United Order, 29 Mo. App. l. c. 315), and that is precisely what respondent seeks to do in this case. It seems to us that an appellant is entitled to some consideration in such a matter. Perhaps (but this is only conjecture) the appellant would not have incurred the expense of

an appeal if this new contention had been included in its opponent's motion to dismiss in the trial court and had been covered by the trial court's judgment. To affirm the judgment on a theory which did not enter into or go to make up that judgment and thus throw the costs of the appeal on the appellant would be manifestly unjust—so much so that we will not lend our sanction to such a course. "Parties litigant are not allowed to trifle with the court or with each other; they are not allowed to assume inconsistent positions. Having made their election, and thereby caused their adversary to elect to pursue a certain course, they cannot, after such course has been pursued at their instance, take advantage of it, deny its validity, and thus 'tread back and trip up the heels' of their adversary." [State to use of Mayer v. O'Neill, 151 Mo. l. c. 81, 52 S. W. 240, quoting from McClanahan v. West, 100 Mo. l. c. 322, 13 S. W. 674.] The judgment is reversed and the cause remanded for the reasons herein appearing, and if respondent thinks it to his advantage to attack the ordinance, the way is open. *Robertson, P. J.*, concurs. *Sturgis, J.*, concurs, and thinks the ordinance in question is valid.