## MARKLEY vs. THE STATE.

1. An indictment for dealing with a slave, should allege such dealing to have been without the consent of the "master, owner, or overseer." It is not sufficient to lay it without the consent of *one only.*

2. An indictment, laying an offence on a future or impossible day, is defective.

## ERROR to Pike Circuit Court.

BROADHEAD *for Plaintiff in Error.*

1st. The indictment should negative the idea of a written permission from the master, owner, or overseer of the slave. Rev. C. 1845, p. 1018 §33; 8 Mo. Rep. 210.

2d. The indictment is bad, because the time "one thousand, *eighteen* hundred and forty-six," is impossible. See Chitty's Crim. Law p. 225.

McBRIDE, J., *delivered the opinion of the Court.*

Markley was indicted at the April term of the Pike Circuit Court, 1846, for dealing with a slave, without permission of the owner of said slave. At the September term of the Court a trial was had, verdict of guilty found, and a fine of $20 assessed against the defendant, on which the Court entered judgment; thereupon, the defendant moved in arrest of judgment, assigning as reasons therefor:—

1st. Because it is not charged in any one of the counts in said indictment, that said Markley dealt with the slave mentioned in said indictment, without the consent in writing of the master of said slave.

2d. Because it is not averred in any of the counts in said indictment, that said Markley did deal with the slave Charles, mentioned in said indictment, without the consent in writing of the overseer of said slave.

3d. Because it is not averred in either of the counts in said indictment, that said Markley did deal with the slave without the consent, in writing, of the master, owner, or overseer of said slave.

4th. Because the indictment is in other respects illegal and defective.

5th. Because the time alleged in said indictment is impossible.

Which motion having been overruled, the defendant excepted and has brought the case here by writ of error; and now assigns for error the refusal of the Circuit Court to sustain his motion in arrest of judgment, for the reasons set forth therein.

The indictment charges that "the grand jurors, &c., present that John S. Markley, on the 1st January, in the year of our Lord, *one thousand eighteen hundred and forty-six,* &c., did deal with a certain slave called Charles, belonging to one Fountain Edwards, he, the said Markley, not having first obtained from him, the said Edwards, a consent in writing to deal as aforesaid, with said slave, contrary," &c. The other three counts are of the same import, except the third, which further alleges that Edwards, *as owner* of the slave, did not consent in writing.

The indictment is founded on §33, art. 1, of Rev. C. 1835, p. 1018, which provides that any person who shall buy of, sell to, or receive from any slave any commodity, whatsoever, without the consent in writing of the master, owner or overseer of such slave, first had and obtained, or who shall deal with any slave without such consent, shall forfeit to the master, owner or overseer of such slave, four times the value of the commodity so bought, sold or received, to be recovered by action of debt, with costs, and shall also forfeit to the county in which the offence was committed, twenty dollars, to be recovered by indictment.

It will be seen from the foregoing section that a distinction is taken between the master, owner, or overseer of a slave; and this distinction is not incompatible with the facts which might reasonably exist. A. may be the owner of a slave, with the rights of general property in him; B. may be the master of the same slave, having hired him for a limited period of time, and thereby acquired a special property in the slave; whilst C. may be the overseer of either A. or B., and thereby acquired an immediate right of controlling his conduct.

The indictment charges the dealing to have been had with a slave named Charles, belonging to one Fountain Edwards, without the written permission of the said Edwards. This may be true, and yet the defendant may not be guilty—he may have obtained the written consent of the master or overseer, either of whom may have had the exclusive right of giving such consent. There being three individuals having the right, under the statute, to legalize the traffic between a white man and a slave, the indictment should have negatived the giving of such permission by each and all of them.

The next point raised in the Court below, by the defendant's motion in arrest of judgment, is as to the time alleged in the indictment when the offence was committed.

It may be assumed that in an indictment, charging an offence, it is necessary to allege the offence to have been committed on a fixed, certain and specified day, although the proof need not be so strict as to the day.

If the indictment lay the offence on an uncertain or impossible day, as where it lays it on a future day, or on the 31st June, or 30th February, the indictment would unquestionably be bad, being no better than if it were to omit the time entirely. Haw. P. C. 263, 335; Barbour's C. T. 288; Chitty's C. L. 225.

The time laid in the indictment now under consideration, is the 1st January, A. D. *one thousand eighteen hundred and forty-six.* It is then not only bad for want of certainty—for being on a future day, but also for alleging an impossible day, so far as the defendant here is concerned. We are therefore of opinion that the Circuit Court erred in overruling the defendant's motion in arrest of judgment.

The judgment of the Circuit Court is reversed.