STATE OF MISSOURI, Respondent, v. RICHARD RAVENS-CRAFT, Appellant.

### St. Louis Court of Appeals, April 23, 1895.

1. **Criminal Law:** INFORMATION: NEGATIVING EXCEPTIONS: LARCENY OF GROWING GRASS. An information must negative an exception which is contained in the section of the statute defining the offense sought to be charged, and constitutes a part of the description of such offense. Accordingly, an information, drawn under Revised Statutes, section 3546, for the larceny of growing grass must charge that the defendant had no right or interest in the grass.

2. ———: DISTINCTION BETWEEN THE THEFT AND CONVERSION OF PROPERTY. A theft differs from a mere unlawful conversion of property in that it requires a felonious intent, that is, a taking without color of right or excuse.

*Appeal from the Marion Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED (*and defendant discharged*).

*H. J. Drummond* for appellant.

The information really charged defendant with the commission of no offense against the laws of this state. Passing over the impossibility of stealing, taking and carrying away five acres of grass, the act with which he is charged, and assuming that it was intended to charge him with stealing the cultivated grass grown on the five acres of ground, it was not alleged that he did it willfully and maliciously. This charge was necessary to constitute the offense. *State v. Under-*

*wood*, 37 Mo. 225; *State v. Newkirk*, 49 Mo. 84.   Nor does the information charge or allege that defendant had no right or interest in the grass, and it is, therefore, fatally defective.   R. S., sec. 3546; *State v. Crenshaw*, 41 Mo. App. 24.   This case is believed to be decisive of the questions involved in the one under consideration.   See, also, *State v. Schatz*, 71 Mo. 502. This exception or qualification is in the section of the statute creating the offense, and is a part of the description of it, and defines it.   In such case the rule is settled in this state, that the indictment or information must negative the exception, and without this negation no offense is charged.   *State v. Meek*, 70 Mo. 355; *State v. Shiflett*, 20 Mo. 415; *State v. Sutton*, 24 Mo. 377.

No brief filed for respondent.

BRIGGS, J.—The defendant was tried and convicted of petit larceny.   The information charged that on the second day of July, 1894, he cut and severed from the land of George Dornes a crop of grass, of the value of $20, and that he unlawfully converted it to his own use with the intention of stealing it.   The information is drawn under section 3546 of the Revised Statutes of 1889.   That portion of the section, which is pertinent, reads:   "Every person   *   *   *   who shall steal, take and carry away any roots, plants, melons, garden vegetables, grain corn, flax, hemp, or any cultivated grass or fruit, *in which he has no right or interest,* standing, lying, or being on the land of another, shall be deemed guilty of larceny in the same manner and in the same degree, according to the value of the property, article or thing so taken, as if the same had been severed at some different and previous time."

The defendant moved the court to quash the infor-

mation for the reason, among others, that it failed to aver that the defendant had no right or interest in the grass. The circuit court overruled the motion, and the defendant excepted and still excepts.

We are of the opinion that the motion to quash ought to have been sustained. The exception stated in the statute is that the defendant must have *"no right or interest"* in the property alleged to have been stolen. The exception is found in the enacting clause, and is descriptive of the offense. The rule is that "whenever an exception is contained in the section defining an offense, and constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception; otherwise no offense is charged." *State v. Crenshaw*, 41 Mo. App. 24; *State v. Meek*, 70 Mo. 357; *State v. Sutton*, 24 Mo. 377.

We will not remand the case, for the reason that the evidence is not sufficient to warrant a conviction, should a new indictment or information be preferred. The facts are these: Dornes, the prosecuting witness, owns a house and six acres of land in the village of West Ely. It is admitted that he rented to the defendant the house and one acre, and that the latter was in possession at the time of the commission of the alleged larceny. The acre upon which the house stands is separated from the other land by a fence. The other five acres were sown to timothy, and the defendant is charged with cutting and stealing the timothy. The evidence for the state tended to prove that Dornes only rented the house and one acre. On the other hand, the defendant, his mother, daughter and two sons testified that the contract of renting, which was verbal, included all the land. It was admitted that the defendant cut the grass openly, and under a claim of right asserted at the time. There is not the slightest

evidence that the defendant acted wantonly, or otherwise than under a claim of right. He may have been guilty of an unlawful conversion of the property, but not of a theft. The difference between the two offenses is that in the commission of the latter the property must be taken with a *felonious intent*,—that is, without color of right *or excuse*. *State v. Newkirk*, 49 Mo. 84; *State v. Moore*, 101 Mo. 316.

With the concurrence of the other judges, the judgment of the circuit court will be reversed and the defendant discharged. It is so ordered.