THE STATE OF MISSOURI, Appellant, v. OLIVER STANLEY, Respondent.

Kansas City Court of Appeals, December 2, 1895.

Criminal Law: MALICIOUS MISCHIEF: INDICTMENT. An indictment under section 3592, Revised Statutes, 1889, which fails to allege that the defendant had no interest in the premises to which the malicious mischief is alleged to have been done, is fatally defective.

*Appeal from the Daviess Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

No brief for appellant.

No brief for respondent.

GILL, J.—Defendant was charged, by information of the prosecuting attorney, with wrongfully, willfully, and maliciously breaking, destroying, and injuring "the windows of a certain dwelling house, there situate, the property of one C. C. Hiatt, by throwing stones and other missiles at and against the said windows of said dwelling house," etc.

In the circuit court the defendant filed a motion to quash the information on the grounds: *First*, that it failed to state any offense against the laws of Missouri; *second*, that it failed to charge that the defendant had no interest in the property therein alleged to have been injured. The court sustained the motion, discharged the defendant, and the state appealed.

No briefs have been furnished on either side. We presume, however, that it was intended to prosecute and punish the defendant for the violation of section 3592, Revised Statutes, 1889. That statute provides: "Every person who shall willfully and maliciously break, destroy, or injure the door or window of any dwelling house * * * being the property of another * * *, *in which such person has no interest*, shall be guilty of a misdemeanor." We have italicized that portion of the section to which we now call attention. It will be seen that the offense consists not only in willfully and maliciously breaking, destroying, or injuring the windows of a dwelling, but such dwelling must be the property of another, and not only that, but must be a property in which the *accused has no interest*. All these elements go to make up the offense; and before a person can be convicted thereof, all these various elements must be alleged and proved. Now, the

information here failed to charge that the defendant *had no interest in the injured property*. This was a necessary component part of the offense and ought to have been set out in the information. *State v. Crenshaw*, 41 Mo. App. 24. Judgment affirmed. All concur.