STATE OF MISSOURI, Appellant, v. HAMLETT, Respondent.

St. Louis Court of Appeals, February 4, 1908.

1. PRACTICE IN CRIMINAL CASES: Indictment: Negativing Exception. Where a statutory offense is defined and in the same clause an exception is referred to in such a way that it constitutes a material part of the description of the offense, it must be negatived in an indictment charging the offense, although the proviso creating the exception is contained in another section of the same act.

2. ———: ———: ———: Druggist. An indictment under section 3036, Revised Statutes 1899, charging a druggist with compounding medicines without being a registered pharmacist, did not state an offense wthout negativing the exception in section 3040 of the same act by alleging that the defendant did not keep constantly in his employ a registered pharmacist and had no such pharmacist in his employ at the time of the offense.

State v. Hamlett.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*James W. Reynolds* for appellant.

A person charged with the violation of one section of the statute may be convicted of the violation of another section if the indictment is broad enough to cover it. State v. Heckler, 81 Mo. 420; State v. Kurtz, 64 Mo. App. 125; State v. Quin, 94 Mo. App. 66. It is not necessary to negative an exception or proviso contained in the section creating or defining the offense unless it is a necessary part of the description of the offense. State v. Barr, 30 Mo. App. 503; State v. Hale, 72 Mo. App. 81; State v. O'Brien, 74 Mo. 550; State v. Stocker, 80 Mo. App. 355; State v. Handler, 178 Mo. 42; 1 Bishop on Criminal Procedure (4 Ed.), sec. 639. Provisos and exceptions though in the same section, if they do not form a part of the clause defining the offense do not have to be negatived. State v. Shipplett, 20 Mo. 418; State v. Cox, 32 Mo. 568; State v. Sutton, 24 Mo. 378; State v. Bockstruck, 136 Mo. 351. Again, where the section of the statute defining the offense contains an exception or a proviso exempting or excepting a class of persons from its operation it is not necessary to negative such exception or proviso. State v. Smith, 60 Mo. App. 287; State v. Elam, 21 Mo. App. 292; 1 Bishop on Criminal Procedure (4 Ed.), sec. 638.

*Pearson & Pearson* for respondent.

When an exception, is so ingrafted in the enacting clause of the statute that the offense cannot be described without negativing the exception; or, that the offense is not capable of exact definition without reference to the exception, it must be set out or negatived in the indictment. State v. Schneider, 186 Mo. 468; State v. Hand-

ler, 178 Mo. 42; State v. Bockstruck, 136 Mo. 351; State v. Shifleet, 20 Mo. 418; State v. Seal, 47 Mo. App. 605.

GOODE, J.—The following indictment was returned against defendant:

"State of Missouri, County of Pike, ss.

"In the Circuit Court of Pike County, State of Missouri, October Term, A. D. 1905.

"The grand jurors of the State of Missouri summoned from the body of the county of Pike, now here in court duly impaneled, sworn and charged to enquire within and for the said county of Pike and State of Missouri, and true presentment make, upon their oath present and charge that one S. P. Hamlett, late of the county and State aforesaid, on the 10th day of September, A. D. 1905, at the said county of Pike and State of Missouri not being a duly registered pharmacist, did then and there unlawfully conduct a pharmacy, drugstore, apothecary shop and store for the purpose of retailing, compounding and dispensing and selling medicines and poisons for medical use, did then and there unlawfully compound, retail, dispense and sell medicines and poisons for medical and other uses to one Maud McGinnis, without then and there being a duly registered pharmacist, and without having any legal authority to so compound, retail, dispense and sell said medicines and poisons, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State.

"A true Bill.                      Tom B. McGinnis,
          "Prosecuting Attorney of Pike County.
"F. C. Haley,
          Foreman of the Grand Jury.
"Filed this 20th day of Oct. A. D. 1905.
                    "H. M. Strother, Clerk."

On motion of defendant the indictment was quashed for failing to state an offence under the statutes of the State, in omitting to allege defendant did not keep constantly in his employ a registered pharmacist and at the time of the alleged offence had no such pharmacist in his employ. In other words, the indictment failed to negative the exception to the statute contained in a subsequent section. The State appealed from the order sustaining the motion to quash, and now affirms the indictment is good under either of three sections, to-wit: 3036, 3037 and 3045 (R. S. 1899). These sections are found in Chapter 23, which deals with druggists and their licenses. We copy the sections:

"Sec. 3036. It shall be unlawful for any person not a registered pharmacist, within the meaning of this chapter, to conduct any pharmacy, drug store, apothecary shop or store, for the purpose of retailing, compounding or dispensing medicines or poisons for medical use, except as hereinafter provided.

"Sec. 3037. It shall be unlawful for the proprietor of any store or pharmacy, to allow any person, except a registered pharmacist, to compound or dispense the prescriptions of physicians, or to retail or dispense poisons for medical use, except as an aid to and under the supervision of a registered pharmacist. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be liable to a fine of not less than twenty-five dollars nor more than one hundred dollars for each and every offence.

"Sec. 3045. Any person who shall procure or attempt to procure registration for himself or for another under this chapter, by making or causing to be made, false representations, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be liable to a penalty of not less than twenty-five nor more than one hundred dollars, and the name of the person so frau-

dulently registered shall be stricken from the register. Any person not a registered pharmacist as provided for in this chapter, who shall conduct a store, pharmacy, or place of retailing, compounding or dispensing drugs, medicines or chemicals for medical use, or for compounding or dispensing physicians' prescriptions, or who shall take, use or exhibit the title of 'registered pharmacist,' shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be liable to a penalty of not less than one hundred dollars, except as provided in section 3040."

Besides those sections there are others which have to do with this cause. Sections 3038, 3039 and 3040 provide for the appointment of a Board of Pharmacy, composed of three members, by the Governor of the State, for certificates to be issued by said board to pharmacists, and the registration of said certificates, and a prohibition against a pharmacist who has a certificate, engaging in business in any county, until he has the certificate recorded in the office of the clerk of the county court; and, further, for an examination by said board of applicants for certificates to conduct a pharmacy or drugstore. Section 3040 concludes with a proviso permitting any person not a pharmacist or druggist, to own or conduct the business of selling at retail, compounding and dispensing medicines and chemicals, if he keeps constantly in his employ a competent pharmacist or druggist. The purpose of this legislation is to prevent medicines and poisons intended for medical use, from being retailed and compounded in this State except by a person certified to have the requisite qualifications; that is to say, a registered pharmacist. To accomplish this purpose the statutes make it an offence for any person who is not a registered pharmacist within the meaning of the chapter, to conduct a drugstore for the purpose of retailing, compounding and dispensing medicines and poisons for medical use

without keeping constantly in his employ a competent pharmacist or druggist. And it is made an offence for the proprietor of a drugstore or pharmacy to allow any person except a registered pharmacist, to compound or dispense the prescriptions of physicians, or retail or compound poisons for medical use, except under the supervision of a registered pharmacist. It is also made an offence for a pharmacist who receives a certificate as such, to engage in business as a pharmacist in any county until he has had his certificate recorded in the office of the clerk of the county court (sec. 3039). The present indictment says the defendant, on September 10, 1905, in the county of Pike, unlawfully conducted a pharmacy or drugstore, for the purpose of retailing, compounding and dispensing medicines and poisons for medical use; and then and there unlawfully compounded, retailed and dispensed medicines and poisons for medical use to one Maud McGinnis; without being then and there a duly registered pharmacist and without having legal authority to retail, compound and dispense said medicines and poisons. It is conceded the indictment does not seek to charge an offense under section 3039, which provides for the registration of certificates received by a pharmacist from the Board of Pharmacy, in the county where the holder of the certificate proposed to do business. But it is contended an offense is charged under section 3036, which says any person not a registered pharmacist within the meaning of the chapter, shall not conduct a pharmacy, drugstore or apothecary shop for the purpose of retailing and dispensing medicines and poisons for medical use, except as thereinafter stated. Plainly all the elements of the offence intended to be prohibited by said section cannot be found in the section itself; for on its face it points to subsequent provisions which must be attended to in order to ascertain what the offense is. It is the contention of the State that inasmuch as the exception to the offense created by the

section is contained in subsequent sections of the statutes, it was unnecessary to negative said exception in the indictment, and authorities are cited in support of this proposition.    [State v. Shiflet, 20 Mo. 415; State v. Sutton, 24 Mo. 377; State v. Cox, 32 Mo. 566.]  Those decisions, and many others, say an indictment founded on one section of a statute, need not negative an exception or proviso contained in a later section.    But this rule cannot be applied to an instance in which the section declared on in the indictment, instead of containing in itself a full definition of the crime prohibited, refers to a subsequent section for further information regarding it and other ingredients of it.    In such an instance the subsequent exception or proviso is, by the reference, made part of the prior or enacting clause. In other words, the subsequent clause or section becomes as much a part of the first one as if it had been incorporated with it in drawing the statute.    Both parts of the statute must be looked to in order to ascertain what the offense is.    In the present instance it is easy to discover what was meant by the closing words of section 3036; "except as hereinafter provided."    It was part of the scheme of the law regarding druggists and drugstores, to permit a proprietor of a drugstore who is not himself a certified and registered pharmacist, to conduct his store, if he keeps constantly in his employ a competent pharmacist.    The exception made by section 3036 to the general law that no person not a registered pharmacist may conduct a drug store, is found in section 3040 and constitutes the proviso of the latter section.    As the proviso is called for in the body of section 3036, it belongs to and is part of the latter section.    It cannot be known that a proprietor who is not a registered pharmacist has violated section 3036, until it is known whether or not he had kept in his employ a registered pharmacist; and for this reason such a proprietor cannot be charged with violating section 3036 by

averring he conducted a drugstore without being a reg-
istered pharmacist, and omitted to aver he did not
keep a registered pharmacist in his employ. The rule
of criminal pleading applicable to indictments under
section 3036 is this: whether a statutory exception or
proviso is contained in the clause of the statute creating
the offense or in a subsequent clause, it must be nega-
tived if it is so interwoven with the clause defining the
offense as to constitute a material part thereof, and be
one of the essential ingredients of the criminal act. Per-
haps the clearest discussion of this subject to be found
in the reports is the opinion of Justice CLIFFORD in
United States v. Cook, 84 U. S. 168. The learned judge
observed that offenses created by statute, as well as
those existing at common law, must be clearly and ac-
curately described in an indictment; and if they cannot
be so described without an allegation that the accused
is not within the exceptions contained in the statute de-
fining the offense, such allegation is essential to a good
indictment. He observes, too, that with rare exception,
offenses consist of more than one ingredient and
in some cases of many; and the rule is universal
that every ingredient which composes the offense must
be accurately and clearly stated, or the indictment will
be bad and may be quashed on motion. After these
remarks the opinion proceeds to point out the error into
which courts sometimes fall, in saying if the exception
is in the enacting clause, the pleader must show the
accused is not within the exception, but where it is in
a subsequent section or statute, it is matter of defense
and must be proved by the accused. This rule, it is well
said, will frequently hold good and prove a safe guide
in pleading, but is not a universal criterion; as the words
defining the offense may be so entirely separable from
the exception, though contained in the same clause, that
all the ingredients of the offense may be clearly and
accurately alleged without reference to the exception;

whereas cases have arisen where the exception, though in a subsequent clause or section, was nevertheless so incorporated as an amendment with the words previously employed in defining the offense, as to render it impossible to frame the actual statutory charge in the indictment, without alleging the accused was not within the exception contained in the subsequent clause, section or statute. Another paragraph of the opinion throws so clear a light on the question before us that we will quote it.

"Commentators and judges have sometimes been led into error by supposing that the words ' enacting clause,' as frequently employed, mean the section of the statute defining the offense, as contradistinguished from a subsequent section in the same statute; which is a misapprehension of the term, as the only real question in the case is whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offense. Such an offense must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offense that it becomes in fact a part of the description, then it cannot be omitted in the pleading; but if it is not so incorporated with the clause defining the offense as to become a material part of the definition of the offense, then it is matter of defence and must be shown by the other party, though it be in the same section or even in the succeeding sentence."

In Steel v. Smith, 1 Barn. & A. 99, referred to with approbation by the United States Supreme Court in the Cook case, the rule was thus laid down:

"Where an act of Parliament in the enacting clause creates an offense and gives a penalty, and in the same section there follows a proviso containing an exemption which is not incorporated in the enacting clause by any words or reference, it is not necessary for the plaintiff

in suing for the penalty to negative such proviso in his declaration."

The exception or proviso allowed by section 3040 of the statute is incorporated into section 3036 by words of express reference, constitutes an essential element of the offense created, and ought to have been negatived in the indictment by averring the defendant kept no registered pharmacist constantly in his employ.

But it is said the indictment is good under section 3037, if not under section 3036. This position is wholly devoid of merit; for section 3037 makes it an offense for the proprietor of a drugstore to permit any person not a registered pharmacist to compound or dispense the prescriptions of physicians, or to retail or dispense poisons for medical use, except under the supervision of a registered pharmacist. The indictment charges no such act.

The third contention of the State is the indictment states an offense under the latter clause of section 3045, which says a person not a registered pharmacist who shall conduct a store, pharmacy or place for retailing drugs, medicines or chemicals for medical use, or for compounding or dispensing physicians prescriptions, or who shall take, use or exhibit the title of "Registered Pharmacist," shall be guilty of a misdemeanor except as provided in section 3040. It follows that section 3045 includes words of express reference to the exception or proviso in section 3040, and what we have said regarding the necessity of negativing said exception in an indictment founded on section 3036, is just as applicable to one founded on section 3045.

The judgment is affirmed. All concur.