# STATE OF MISSOURI, Respondent, v. F. M. LONG, Appellant.

### Kansas City Court of Appeals, April 5, 1920.

**ITINERANT VENDOR:** Agricultural and Horticultural Products. Under the Act of the Legislature of April 12, 1911, Laws 1911, p. 423, requiring itinerant vendors, therein defined, to take out a State license, one who is engaged for several weeks in selling apples, potatoes and cabbage from box cars on a side track is engaged in the sale of goods, wares and merchandise within the terms of the act as there is no exemption in the act similar to one made in section 10282, Revised Statutes 1909, of agricultural and horticultural products.

Appeal from Adair Circuit Court.—*Hon. J. A. Cooley,* Judge.

AFFIRMED.

*Paul D. Higbee* for respondent.

*J. M. Wattenbarger* for appellant.

TRIMBLE, J.—This is a prosecution based upon an amended information charging a violation of the Act of the Legislature of April 12, 1911, Laws 1911, page 423. A jury was waived and the case was tried before the court, resulting in a judgment of conviction in which defendant was punished by a fine of $200. He has brought the case here on appeal.

Section 1 of the Act in question declares that an "itinerant vendor" shall mean and include "all persons, both principal and agents, who engage in, or conduct, in this State, either in one locality or in traveling from place to place, a temporary or transient business of selling goods, wares and merchandise with the intention of continuing in such business in any one place for a period of not more than one hundred and twenty

days, and who, for the purpose of carrying on such business, hire, lease or occupy, either in whole or in part a room building, or other structure for the exhibition and sale of such goods, wares and merchandise. The provisions of this act shall not apply to sales made to dealers by commercial travelers or selling agents in the usual course of business, nor to bona-fide sales of goods, wares and merchandise by sample for future delivery, nor to hawkers on the streets or peddlers from vehicles, nor to any sale of goods, wares or merchandise on the grounds of any agricultural society during the continuance of any annual fair held by such society.''

Section 8 of said Act provides that:

''Every itinerant vendor who sells or exposes for sale, at public or private sale, any goods, wares or merchandise without State license therefor . . . shall be guilty of a misdemeanor and shall be punished by a fine of not more than one thousand dollars, nor less than two hunlred dollars or by imprisonment for not more than six months, or both.''

In the fall of 1918 defendant, in the city of Kirksville, both in person and through employees, engaged for a period of several weeks in selling goods, wares and merchandise consisting of apples, potatoes and cabbage from box cars on the side track of the Wabash railway in said city. These goods were secured by him at various places and were shipped by him into Kirksville; and defendant advertised in the papers that he would sell said goods as above stated. The purchasers would come to the cars, buy their merchandise, pay for it and take it home with them.

It is not contended that the facts do not bring defendant within the definition of an itinerant vendor contained in the statute above quoted. But it is insisted that the statute does not cover commodities of the kind named. This view rests upon the fact that section 10282, Revised Statutes 1909, in defining a peddler as one who shall deal in the selling if goods, wares and merchandise ''by going about from place to place

to sell the same," exempts "agricultural and horticultural products." There is no question but that apples, potatoes and cobbage, even though agricultural products, are goods, wares and merchandise. Section 10282 by expressly excepting agricultural products from the things covered by the phrase "goods," wares and merchandise" clearly recognizes that such products are goods, wares and merchandise otherwise there would be no need to exclude them. But the 1911 Act has no reference to peddlers nor does it contain any such exemption as the peddler statute. The 1911 Act was passed long after the Peddler Act and if such products were to be exempted from the latter Act as in the former it would seem that the Legislature would have said so. At any rate we are not authorized to write into the statute an exemption the Legislature did not see fit to insert. The two statutes deal with two entirely different matters. The peddler statute exempts one from the necessity of taking out a license where he sells agricultural products by going from place to place to sell them; but the other and later statute requires a license for the sale of goods, wares and merchandise, without any exception, where the vendor does so at a place of business which is intended to be so temporary and transient as not to exist longer than 120 days. Defendant was doing this and he did not have a license for that purpose. He was not a peddler within the meaning of the other statute. If one brings agricultural products to town and sells them from house to house no license is required, but under the 1911 Act no one can temporarily conduct a business which in fact is the same as that of a regular retail grocer or other merchant who pays an occupation tax. No doubt it was because the temporary merchant paid no such tax, owing to the transient character of his business, that the statute was passed. If so, it was intended to abolish the unjust discrimination whereby one man could carry on a public business and by reason of its temporary character escape all tax, while another, in the same

business permanently, would have to pay. But whatever was the intention of the law, it is written as above stated and when this is ascertained we have nothing to do with the intention or effect of the law but only with its application.

With reference to the motion to quash the amended information the record shows no action was taken on said motion nor was any objection or exception made or saved thereto. Evidently in the trial the motion was abandoned and even now does not seem to be relied upon, since no objection thereto is pointed out nor complaint made except as contained in the assignment of errors. We have, however, examined the amended information but are unable to perceive wherein it is defective or insufficient.

The judgment is affirmed. All concur.