THE STATE v. LEROY WINTERBAUER, Appellant.—300 S. W. 1071.

Division Two, December 12, 1927.

*Freeman L. Martin* for appellant.

694

*North T. Gentry,* Attorney-General, and *Smith B. Atwood,* Assistant Attorney-General, for respondent.

HIGBEE, C.—An amended information, filed in the Circuit Court of Oregon County on December 11, 1925, charged that at and in said county, on or about the — day of December, 1924, the defendant, being then and there the father of a child born in lawful wedlock, under the age of fifteen years, to-wit, Vera LaVerne Winterbauer, aged two months, unlawfully, wilfully and without good cause did abandon said child and from the — day of December, 1924, to the — day of November, 1925, and thence hitherto, did then and there unlawfully, wilfully and without good cause, fail, neglect and refuse to maintain and provide for her, the said Vera LaVerne Winterbauer, his said child as aforesaid, against the peace and dignity of the state.

On a trial the defendant was found guilty and his punishment assessed by the jury at a fine of $100. He appealed to the Springfield Court of Appeals where the judgment was reversed and the defendant discharged. That court deeming its opinion to be in conflict with the conclusion reached by the St. Louis Court of Appeals in State v. Beims, 212 Mo. App. 221, 253 S. W. 420, the cause was certified to this court for final disposition as provided by Section 6 of the Amendment of 1884 to the Constitution.

Section 3274, Laws 1921, p. 281, provides:

". . . or if any man or woman shall, without good cause, abandon or desert or shall, without good cause, fail, neglect or refuse to provide the necessary food, clothing or lodging for his or her child or children born in or out of wedlock, under the age of sixteen years . . . he or she shall upon conviction, be punished by imprisonment in the county jail not more than one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment."

The evidence for the State is that May Brawley, the mother of the child, born November 9, 1924, was married to the defendant in East St. Louis, Illinois, May 1, 1924. Their first act of sexual intercourse was on February 28, 1924. After their marriage the defendant and his wife lived together only a few days. The defendant, failing to provide his wife a home, sent her to her father, George Brawley, in Oregon County, where she has continued to live since the spring of 1924. The defendant, who lived in St. Louis, Missouri, was employed there as an automobile mechanic and was able to provide food and clothing for his child, but contributed nothing to her support or that of his wife. George Brawley, however, gave them a home and provided for them. The child has never lacked for either food or clothing. On March 23, 1925, the defendant wrote his wife from St. Louis:

"I am writing this to answer your many letters. I am *divorced* from you and want nothing more to do with you and stop writing me, as this is *finalely*."

696

I.  State v. Thornton, 232 Mo. 298, 134 S. W. 519, was a prosecution based on Section 4492, Revised Statutes 1909, for the failure of the defendant Thornton to provide his infant children with necessary food, clothing and lodging.  The statute referred to, so far as applicable, reads:

"If any mother of any infant child, under the age of sixteen years, or any father of any such infant child, born in or legitimatized by lawful wedlock . . . shall, without lawful excuse, refuse or neglect to provide for such infant . . . necessary food, clothing or lodging . . . the person so offending shall, upon conviction, be punished," etc.

The provision of this section as to neglect or refusal of a parent to furnish necessary food, clothing or lodging for his or her infant child is substantially the same as that in Section 3274, Laws 1921, p. 281.  The evidence for the State showed the children were amply supplied with food, clothing and lodging by the wife's father.  On page 305 the court said:

"The statute penalizes the refusal of the father to supply necessary food, etc.  Under this law pertaining to necessaries, a necessary article is one which the party actually needs.  It is not enough to show that the article is *per se* classed as necessary, such as food and clothing.  It must also be needed at the time."

And on page 306:

"The Legislature did not enact this law for the purpose of punishing parents for failure to do their duty as such.  Such a purpose would smack too strongly of paternal government.  The only legitimate object of the statute is to secure to infants, who are in future to become citizens of the State, proper care; such care as is necessary to protect their lives and healths.  In other words, to prevent destitution.

"It follows from the foregoing that if infant children are receiving necessary food, clothing and lodging from any source, there is no occasion for the State to interfere by penal law or otherwise."

The Springfield Court of Appeals in its opinion adopted the construction given the statute in the Thornton case, holding that as it appeared the child was provided with necessary food, clothing and lodging by its grandfather, the conviction·could not be sustained and it accordingly reversed the judgment and discharged the defendant.

In State v. Beims, 212 Mo. App. 231, 253 S. W. 420, the St. Louis Court of Appeals said:

". . . and the mere fact alone that the child was being supported and cared for by friends, relatives, or by charitable institutions, would not excuse any man or woman from discharging the duty imposed upon them by law."

We think this ruling is opposed to the opinion in the Thornton case.

II. The defendant never lived in Oregon County and it was contended that the circuit court of that county was without jurisdiction of the offense charged. The defendant voluntarily sent his wife to live with her father in Oregon County. His duty to support and provide for her and his child when born followed them wherever he sent them. In State v. Hobbs, 291 S. W. 184, a similar prosecution, based on this statute, the mother of the infant children found it necessary to remove to Cape Girardeau County where she resided with her children for three years. It was contended that the venue was in Stoddard County where the defendant, the father, lived with his second family. The court said:

"In the instant case, we think, the venue may be properly laid in Cape Girardeau County where the children were residing, and where, it is alleged, they were being neglected by the father in the necessities of life. It was there they were receiving no such contribution as the law requires the parent to furnish them. Of course, if the offense alleged were for abandonment, a different situation would be presented, as abandonment generally, if not always, occurs at one definite place." [L. c. 185.]

The Springfield Court of Appeals cites many cases supporting this view. We think the venue was properly laid in Oregon County.

III. Error was assigned because the trial court overruled a motion to quash the information. The Court of Appeals declined to pass upon this assignment because the motion to quash was not preserved in the bill of exceptions. The statute denounces a penalty on any man or woman who shall without cause "fail, neglect or refuse to provide the necessary food, clothing or lodging for his or her child born in or out of wedlock, under the age of sixteen years," etc. The information charges that the defendant did unlawfully, wilfully and without good cause fail, neglect and refuse to maintain and provide for her, the said Vera LaVerne Winterbauer, his child, etc. It does not charge that the defendant failed, neglected or refused to provide the necessary food, clothing or lodging for his child. Hence the information does not charge a violation of the statute in this respect and is insufficient. This error appears upon the face of the record and "will be noticed as a matter of course even if there is no bill of exceptions filed." [Kelley's Crim. Law, sec. 462; State v. Coyne, 214 Mo. 359, 114 S. W. 8; State v. Meyers, 99 Mo. 107 (3); State v. Burke, 151 Mo. 140, 52 S. W. 226; State v. Young (Mo. App.), 215 S. W. 499 (2), 500.]

The judgment is reversed and the defendant is discharged. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. *White, P. J.,* and *Blair,* J., concur; *Walker, J., dubitante.*