The State v. Elmer Couch, Appellant.—124 S. W. (2d) 1091.

Division Two, February 21, 1939.

*Roy McKittrick,* Attorney General, and *Arthur O'Keefe,* Assistant Attorney·General, for respondent.

LEEDY, J.—This is an appeal from a judgment of the Circuit Court of Mississippi County convicting appellant of the offense of operating a motor vehicle while in an intoxicated condition. His punishment was assessed at a fine of $50, and imprisonment in the county jail for a term of sixty days. Sentence was pronounced accordingly, and this appeal followed. The case is before us on the record proper, no bill of exceptions having been filed. Nor have·we been favored with a brief in appellant's behalf.

The sufficiency of the information to charge an offense is one of the questions into which we have inquired in the performance of the duty enjoined upon us by Section 3760, Revised Statutes 1929 (Sec. 3760, Mo. Stat. Ann., p. 3298). We deem it unnecessary to set it out *in haec verba,* but it may be said that, in substance, the information follows the language of the statute denouncing the offense. [Sec. 7783 (sub-section "g"), R. S. 1929; Sec. 7783, Mo. Stat. Ann., pp. 5234, 5235.] In its essentials, it is a counterpart of the one held sufficient in State v. Pike, 312 Mo. 27, 278 S. W. 725, and later approved in State v. Reifsteck, 317 Mo. 268, 295 S. W. 741, and State v. Revard, 341 Mo. 170, 106 S. W. (2d) 906.

The verdict is a general one, finding the appellant "guilty as charged" and purports to fix his punishment by the recital ". . . and we assess his punishment *by $50.00* and *60 days in County Jail.*" (Italics ours.) Does the imperfection or irregularity just italicized render the verdict insufficient to support the judgment? We think not. It is perfectly clear that the appellant was found guilty of operating a motor vehicle while in an intoxicated condition—the sole charge contained in the information. From the language employed, it would seem that the jury sought to assess his punishment *at a fine of* $50 and *confinement or imprisonment* in the county jail *for a term* of 60 days. But whether the admittedly awkward wording of the verdict renders it susceptible to that construction is not a point on which the case turns. This because of the provisions of Section 3704, Revised Statutes 1929 (Sec. 3704, Mo. Stat. Ann., p. 3259), which reads as follows: "Where the jury agree upon a verdict of guilty but fail to agree upon the punishment to be inflicted or do not declare such punishment by their verdict; the court shall assess and declare the

punishment and render judgment accordingly. Where the jury finds a verdict of guilty and assess a punishment not authorized by law, and in all cases of judgment by confession, the court shall assess and declare the punishment, and render judgment accordingly.'' In State v. Watson, 329 Mo. 158, 44 S. W. (2d) 132, the language of the verdict was strikingly similar to that in the case at bar, i. e., ''We, the jury, find the defendant guilty as charged and we assess his punishment *by three years in the penitentiary.*'' Its validity was assailed for the reason that the verdict did not use the word ''imprisonment.'' There this court said: ''It occurs to us that punishment in the penitentiary for three years is very much like imprisonment. Possibly the verdict is insufficient, but, in making this point, the appellant is faced with a dilemma: Either the verdict directs the defendant to be confined or imprisoned in the penitentiary, or else it prescribes no punishment; in the latter case, under Section 3704, Revised Statutes 1929, the court was required to assess the punishment as the court did.'' To the same effect is State v. McDonough, 232 Mo. 219, 134 S. W. 545, where the infirmities of the verdict were more grievous than those attendant upon the one in the case at bar.

Appellant was accorded allocution, following which judgment was entered and sentence pronounced in a sufficiently regular way as to necessitate an affirmance. It is so ordered. All concur.