O. E. EMERY and MARY L. EMERY v. HOLT COUNTY, in the State of Missouri, ERNEST OPPENLANDER, FRANK MORGAN and M. L. NORMAN, Judges of the County Court of Holt County, LOUIS F. STALCUP, Sheriff of Holt County, Appellants.—132 S. W. (2d) 970.

Division One, November 3, 1939.

*Earl Richards* and *John J. Robison* for appellants.

*Petree & Wright* for respondents.

GANTT, J.—Action to enjoin the sale of certain land under a school fund mortgage on the ground that the sale would cast a cloud upon the title of plaintiff. [Bonsor v. Madison County, 204 Mo. 84, 98, 102 S. W. 494.] The money loaned was part of the county school funds received from the sale of swamp lands, which lands had been donated by the State to the county for school purposes. The facts follow:

"On October 5, 1903, one George M. Swope applied to the County of Holt and was granted a school fund loan in the sum of $3,500.00, and made and executed a school fund mortgage on seventy-nine acres of land in Holt County, Missouri, with bond, said mortgage and bond being regular in form, and said mortgage being recorded in the office of recorder of deeds of Holt County, Missouri. The said George M. Swope paid $500.00 on the principal of said note and interest up to February 1, 1924. On May 3, 1937, the plaintiffs (respondents herein) purchased all of the right, title and interest of George M. Swope through the Probate Court of Holt County, Missouri.

"No affidavit duly verified in writing, acknowledged, showing the amount due on this mortgage, was ever filed in the recorder's office of Holt County, Missouri, wherein said school fund mortgage was recorded and the land was located.

"On or about October 25, 1937, the defendants herein, Ernest Oppenlander, Frank Morgan and M. L. Norman, judges of the County Court of Holt County, Missouri, ordered said school fund mortgage herein mentioned foreclosed and directed Louis F. Stalcup, the sheriff of Holt County, Missouri, to proceed with said foreclosure. Said order was duly entered of record and advertisement was had by the defendant, Louis F. Stalcup, to foreclose said school fund mortgage.

"Thereupon the plaintiffs (respondents herein) instituted an injunction suit to enjoin said sale, being this suit, and filed the same

on October 25, 1937, a temporary injunction was issued and when the same came for hearing on its merit the defendants filed a demurrer.

"The petition was based upon the Statute of Limitations, particularly Sections 860-861 and 865, Revised Statutes of Missouri, 1929, which statutes are applicable and known as the ten-year statute as to notes and the 20-year statute as to foreclosing mortgages.

"The demurrer primarily raised the point that Statute of Limitations does not run or cannot be asserted against the defendants in this case for the reason that it deals with public funds, that is, school funds, and the right of sovereignty, and further that it is against public policy to permit the loss of public funds by reason of negligence or misfeasance of the officers or trustees in charge thereof.

"The demurrer was heard by the Circuit Court of Holt County, Missouri, and overruled, to which action the defendants excepted and elected to stand on their demurrer and declined to plead further and thereupon the court rendered a final judgment upon said demurrer and granted a permanent injunction. Thereupon the defendants perfected their appeal.

"The sole question to be decided is, do the limitations prescribed in Section 865, R. S. 1929, apply to the school fund mortgage?"

The section follows:

"No action to foreclose mortgage after note barred. No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the statutes of limitation of this state; nor in any event after the lapse of twenty years from the date at which the last maturing obligation secured by the instrument sought to be foreclosed is due on the face of such instrument, . . . unless before the lapse of said twenty years the owner of the debt thereby secured or some person for him shall file an affidavit duly verified, or file an instrument in writing acknowledged as deeds are required to be acknowledged in order to entitle them to record in this state, showing the amount due and owing thereon. [R. S. 1919, sec. 1320, Amended, Laws, 1921, p. 202.]"

It should be noted that if the Statute of Limitations applies, the obligation secured by the school fund mortgage is barred.

Under the common law the maxim "*Nullum tempus occurrit regi*" did not apply to political subdivisions of the State. It applied only to the State. [County of St. Charles v. Powell, 22 Mo. 525.] In Callaway County v. Nolley, 31 Mo. 393, 397, we ruled as follows:

"Here then was a lot whose legal title was vested in Callaway County, in trust for the inhabitants of the town of Fulton. Callaway County was as competent twenty years ago to bring an action as it was at the time of the institution of this suit. In fact it is nothing more than a body politic, acting as trustee for the inhabitants of the

town of Fulton. It is subject to the Statute of Limitations, as was held in the case of the County of St. Charles v. Powell, 22 Mo. 525. Property held by individuals or bodies politic in trust is as much subject to the Statute of Limitations as that owned by individuals.''

Other cases so ruling are School Directors of St. Charles Twp. v. Georges et al., 50 Mo. 194; Flinn v. Gillen, 320 Mo. 1047, l. c. 1053, 10 S. W. (2d) 923, 926; Engle v. Worth County, 278 Mo. 295, 213 S. W. 70; Missouri Township v. Farmers Bank, 328 Mo. 868, 42 S. W. (2d) 353; Nall v. Conover, 223 Mo. 477, 122 S. W. 1039, and Bonsor v. Madison County, supra.

Defendants cite State v. Fleming, 19 Mo. 607. That was an action by the State to recover school lands. We ruled that the maxim *"Nullum tempus occurrit regi"* applied and that the Statute of Limitations did not apply to the State. We did not rule that the maxim applied to political subdivisions of the State.

Furthermore, at an early date the maxim *"Nullum tempus occurrit regi"* was abolished in this State. [Sec. 10, Art. II, p. 75, Laws 1848-49.] It is now Section 888, Revised Statutes 1929, which follows:

''The limitations prescribed in Articles 8 and 9 of this chapter shall apply to actions brought in the name of this state, or for its benefit, in the same manner as to actions by private parties.''

In State ex inf. v. Arkansas Lumber Co., 260 Mo. 212, 285, 169 S. W. 145, we ruled ''that this section makes applicable to the State every general limitation in our law.''

■ Defendants argue that it should be against public policy to permit school funds to be lost by negligence or misfeasance of officers.

The legislative enactments of this State and the decisions of the courts construing the same determine the public policy of the State. In this situation the argument here made as to public policy should be addressed to the Legislature.

The cases from other jurisdictions cited by defendants are ruled under the statutory and constitutional provisions of those States. For that reason they should not be followed in determining the question under consideration. We think the limitations provided in Section 865 apply to a county school fund mortgage. The judgment should be affirmed. It is so ordered. All concur.