STATE of Missouri, Respondent,

v.

Ni PILKINTON and Mrs. Catherine Pilkinton, Appellants.

No. 7625.

Springfield Court of Appeals.

Missouri.

Feb. 7, 1958.

Motions for Rehearing or to Transfer Overruled March 3, 1958.

Ni Pilkinton, pro se.

R. D. Moore, West Plains, for respondent.

STONE, Presiding Judge.

Defendants, Ni and Mrs. Catherine (Ni) Pilkinton, appeal from the judgment entered upon the jury verdict finding them guilty of violation of the so-called compulsory school attendance law [Chapter 164] and assessing the punishment of each defendant at a fine of $10. Section 164.060. (All statutory references herein are to RSMo 1949, V.A.M.S.)

Following a practice neither helpful nor commendable [Mannon v. Frick, 365 Mo. 1203, 1205, 295 S.W.2d 158, 161], the state has filed no brief and rests on a seven-line "motion to dismiss appeal" (unsupported by suggestions or authorities) because of the insufficiency of defendants'-appellants' brief under Rule 1.08. (All rule references are to Supreme Court Rules, 42 V.A.M.S.) Defendants, unlearned in the law and appearing *pro se* both in the trial court and on appeal, admittedly and understandably have found it difficult to prepare a brief satisfying the requirements of Rule 1.08, although we are impelled to observe sympathetically that their brief eloquently bespeaks a purposeful, unflagging, indefatigable industry which some of our brethren of the bar might well emulate in the preparation of briefs. Nevertheless, when defendants' brief is measured by the detailed and exacting, albeit plain and salutary, provisions of Rule 1.08, we necessarily must hold that nothing is presented for appellate review by the "points" stated in defendants' brief, to-wit, that "the verdict was contrary to the law and the evidence" [cf. State v. Garrett, Mo., 282 S.W.2d 441, 442(2)], that "a rea-

sonable cross-examination of the state's witnesses was not permitted" [cf. State v. Burns, Mo., 280 S.W.2d 119, 120–121], and that "the court refused defendants' instructions and request for comment on the evidence." Cf. State v. Francies, Mo., 295 S.W.2d 8, 15(19); State v. Tebbe, Mo. App., 249 S.W.2d 172, 174(3, 4). However, it by no means follows that defendants' appeal should be dismissed. For our courts, with their habitually scrupulous and traditionally tender regard for human life and liberty, reserve for imposition only in *civil* cases the drastic penalty of dismissal of the appeal provided by Rule 1.15; and, where a brief in a *criminal* case is so defective and insufficient that it is wholly disregarded, the appellate court still examines pursuant to Rule 28.02 what formerly was termed "the record proper" [State v. Rutledge, Mo., 267 S.W.2d 625 (1); State v. King, 365 Mo. 48, 56, 275 S.W.2d 310, 315] and such assignments of error in the motion for new trial as are sufficiently specific to comply with Rule 27.20. State v. Mace, Mo., 295 S.W.2d 99, 101. See also State v. Johnson, Mo., 286 S.W.2d 787, 790. So, the state's motion to dismiss the instant appeal is overruled.

The information filed against defendants charges that "on the —— day of October, 1956, Mr. and *Mr. N. I.* Pilkinton * * * did then and there unlawfully, wrongfully and willfully having custody of * * * Lillie Taylor of the age of 7 years, and having said minor child under their * * care, custody and control, and having been warned by notice as provided by law under * * Section 164.010 to *165.090* * * *, fail, neglect and refuse to keep said child in regular daily attendance of public school." The information contained no charge that defendants did not "provide such child at home with such regular daily instruction during the usual hours as shall * * * be substantially equivalent at least to the instruction given the children of like age at said day school in the locality." Section 164.010; now amended Laws of 1957, p. ——, S.B. No. 16.

■ The information is part of what formerly was termed the record proper [State v. Boyer, 342 Mo. 64, 69, 112 S.W.2d 575, 579; State v. Harris, 337 Mo. 1052, 1057, 87 S.W.2d 1026, 1028(5)]; and, in performance of the duty enjoined upon us by Rule 28.02 [see also Section 547.270], the sufficiency of the information to charge an offense is one of the questions into which we should inquire [compare State v. Rutledge, supra; State v. Garrett, supra, 282 S.W.2d loc. cit. 444—consult also State v. Couch, 344 Mo. 78, 79, 124 S.W.2d 1091; State v. Young, 345 Mo. 407, 409, 133 S.W.2d 404, 406(1)], regardless of whether such error has been assigned. State v. Winterbauer, 318 Mo. 693, 697, 300 S.W. 1071, 1073(4); State v. Wolfner, 318 Mo. 1068, 1074, 2 S.W.2d 589, 590(2). And, see State v. Eslinger, 361 Mo. 1062, 1065, 238 S.W.2d 424, 425(2,3); State v. Horn, 336 Mo. 524, 525, 79 S.W.2d 1044, 1045(1); State v. Lettrell, Mo., 39 S.W.2d 556, 557(3, 4); State v. Barr, 326 Mo. 1095, 34 S.W.2d 477, 478(1), 479(3, 4).

■ Under the recent holding in State v. Cheney, Mo.App., 305 S.W.2d 892 (handed down in October, 1957, after trial of the instant case), it is clear that the information under review was insufficient to charge an offense under Section 164.010. It would be a work of super-arrogance for us to plow again the ground so freshly and so well broken in that case.

It follows that the judgment of conviction in the case at bar should be reversed and the cause remanded. It is so ordered.

McDOWELL and RUARK, JJ., concur.

On Motions for Rehearing or to Transfer

STONE, Presiding Judge.

Both the state and the defendants have filed pungent motions for rehearing or, in the alternative, to transfer this cause to the Supreme Court. The primary contention in the *state's* motion is that "the provisions (of Section 164.010) relating to home instruction are not descriptive of the offense" and need not be negatived in an information, but that such provisions constitute an exception in the nature of "defensive matter" to be pleaded and proved by defendants. Recognizing that this contention is contrary to the plain holding in State v. Cheney, Mo.App., 305 S.W.2d 892, the prosecuting attorney asserts that "the learned court (Kansas City Court of Appeals) misconstrued the law in rendering that opinion" and that "a fuller examination of the precedents, such as they are, greatly detracts from the persuasive force of the Cheney case"; and, on the authority of only one case [People v. Levisen, 404 Ill. 574, 90 N.E.2d 213, 14 A.L.R.2d 1364], it is suggested that, although similar statutory provisions "are fairly common," they "are generally regarded in other states as requiring the defendant to raise the issue of instruction at home as a defense." But as, from the time of Aristotle, it has been said that "one swallow does not make a spring" (or, as Northbrooke's "Treatise" put it in 1577, "one swallowe prouveth not that summer is neare"), we doubt that a lone citation from a foreign jurisdiction, whose compulsory school attendance statute is not fairly comparable to ours in language and sentence structure, justifies any such easy and sweeping generalization.

■ Of course, we recognize that " 'where the exception or proviso is found in a separate and distinct clause or part of the statute, disconnected from that which describes the offense, no * * * negative averment is necessary in the indictment, and if the defendant is within the terms of the exception, he must show it in his defense.' " State v. Brown, 306 Mo. 532, 535, 267 S.W. 864, 865; State v. Zammar, Mo., 305 S.W.2d 441, 444. However, it is equally true and well-settled, as was appropriately pointed out in the Cheney case [305 S.W.2d loc. cit. 893(1)], that " 'exceptions must be pleaded in the indictment when they occur as parts of the statutory

definition of the offense, in all cases where, if such exceptions be omitted, the offense cannot be accurately described.'" Among the numerous Missouri cases in which this latter principle has found application, see particularly Markley v. State, 10 Mo. 291 (discussed in the Cheney case, supra); State v. Sparrow, 52 Mo.App. 374, in which an indictment for unlawful hunting "within the inclosure of one John Quinn, * * * without the consent of the said John Quinn, the owner of said inclosure" was held insufficient to charge an offense under a statute prohibiting hunting within the inclosure of another "without the consent of the *owner or person in charge of such inclosure*"; and, State v. Raymond, 54 Mo.App. 425, in which an indictment for unlawfully causing a jack to serve a mare near a public highway and in a place " 'not * then and there so surrounded by *artificial and barriers* as to obstruct the view of persons traveling such road' " was held insufficient to charge an offense under a statute prohibiting such service " 'near a public highway * * * unless the same is so surrounded by *artificial or natural barriers* as to obstruct the view of persons traveling such highway.' " (All emphasis herein is ours.) Consult also State v. De Groat, 259 Mo. 364, 168 S.W. 702, and State v. Meek, 70 Mo. 355 (prosecutions for criminal abortion); State v. Mikel, Mo., 278 S.W. 670, and State v. Ackley, Mo., 183 S.W. 291 (prosecutions for manslaughter by criminal abortion); State v. Renkard, 150 Mo.App. 570, 131 S.W. 168 (a prosecution for sale of cocaine by a druggist without the written prescription of a licensed physician or dentist); State v. Hamlett, 129 Mo.App. 70, 107 S.W. 1012 (a prosecution for unlawfully conducting a pharmacy and retailing medicines and poisons without being a registered pharmacist); State v. Stanley, 63 Mo.App. 654, and State v. Crenshaw, 41 Mo.App. 24 (prosecutions for malicious injury to a dwelling house); and State v. Ravenscraft, 62 Mo.App. 109 (a prosecution for larceny of a crop of growing grass). Compare City of Tarkio v. Loyd, 109 Mo.App. 171, 82 S.

W. 1127, 1128(4), and City of St. Louis v. Stubley, Mo.App., 154 S.W.2d 407, 411(9).

■ The statutory duty with which parents are charged by Section 164.010 (the violation of which is made a criminal offense by Section 164.110) is stated in *two parallel and co-ordinate clauses, connected by the simple conjunction "or," in the same sentence*. That parental duty, as expressed and imposed *in the alternative,* is *either* (1) to cause their children (within the stated age range) to attend regularly some day school, not less than the entire time the school is in session *or* (2) to provide such children with home instruction substantially equivalent to that given children of the same age in day schools in the same locality; and, it is clear to us, as it was to our brethren of the bench in the Cheney case [305 S.W.2d loc. cit. 894], that a violation of that duty cannot be described accurately unless *both statutory alternatives* are negatived. Certainly, the statutory *alternative* for substantially equivalent instruction at home could not logically be commingled and thrown into the same category with the *exceptions or exemptions* which, in the revision of 1949 [see 11 V.A.M.S., p. 106], were collected and stated in a separate and distinct portion of the statute, to-wit, the proviso at the end thereof, and which, in the amendment of 1957 [Laws of 1957, p. ——, S.B.No.16], are even more distinctly segregated and set apart in numbered sub-paragraphs.

We agree with the Kansas City Court of Appeals that the Oklahoma decisions [Wright v. State, 21 Okl.Cr. 430, 209 P. 179; Sheppard v. State, Okl.Cr., 306 P.2d 346, 350, 356] construing the compulsory school attendance statute of that state [70 O.S.A., Section 10–10, as amended Laws of 1951, p. 219] are persuasive authority for the holding in the Cheney case, supra. Those interested in more extensive investigation of the case law in other jurisdictions may consult (a) Knox v. O'Brien, 7 N.J. Super. 608, 72 A.2d 389, 390, and Stephens

v. Bongart, 15 N.J.Misc. 80, 189 A. 131, prosecutions under the New Jersey compulsory school attendance statute (imposing a parental duty *in the alternative,* as does our Section 164.010) in which, as the first paragraph of each opinion plainly shows, the respective defendants were charged *properly* with having failed to cause their children to attend the public schools regularly, *and further* "with having neither caused the children to attend a day school * * * *nor have they received equivalent instruction elsewhere than at school,* contrary to the provisions" of the quoted New Jersey statute [72 A.2d loc. cit. 390]; (b) Rice v. Commonwealth, 188 Va. 224, 49 S.E. 2d 342, 3 A.L.R.2d 1392, a prosecution under the Virginia compulsory school attendance statute (likewise imposing a parental duty *in the alternative*) in which the state's principal instruction [49 S.E.2d loc. cit. 347–348] *properly* required the jury to find that defendants had failed to send their children "to a public school, *or* to a private, denominational or parochial school, *or have such* * * * *children taught by a tutor or teacher* * * * *in a home,"* thus negativing all alternatives in the quoted Virginia statute [49 S.E.2d loc. cit. 343]; and (c) Commonwealth v. Meeks, 192 Ky. 690, 234 S.W. 292, a prosecution under the Kentucky compulsory school attendance statute in which the indictment was held fatally defective for failure to negative the statutory exceptions.

On the other hand, the burden obviously should and does rest upon the defendant, with respect to a defense predicated upon an *exception* in the Illinois compulsory school attendance statute [now Ill.Rev. Stat.1957, chap. 122, par. 26–1] which is *not* a part of the statutory definition of the offense (i. e., failure to cause a child "to attend some public school") but is plainly a proviso distinctly segregated and set apart in a numbered sub-paragraph. People v. Levisen, supra, 90 N.E.2d loc. cit. 214. And, a complaint charging violation of the California compulsory school attendance law need not negative *exceptions stated in sep-*

*arate statutes* following that in which the parental duty is created and defined. People v. Turner, 121 Cal.App.2d Supp. 861, 263 P.2d 685, 686(1, 2), appeal dismissed 347 U.S. 972, 74 S.Ct. 785, 98 L.Ed. 1112. Consult also Commonwealth v. Renfrew, 332 Mass. 492, 126 N.E.2d 109, 110; Commonwealth v. Roberts, 159 Mass. 372, 34 N.E. 402; State v. McCaffrey, 69 Vt. 85, 37 A. 234, 235–236(4). But, in the final analysis, reported cases from other jurisdictions are of limited value because of differences in statutory language, structure, meaning and purpose; and, unless read with discrimination and discernment, isolated statements in such cases may be misleading. Upon careful reconsideration of the instant case, we are unable to escape the conclusion that the information, which failed to negative the statutory alternative for providing substantially equivalent instruction at home, did not charge an offense under Section 164.010 and that, therefore, the state's motion for rehearing or, in the alternative, to transfer should be overruled.

▮ In the construction and application of statutes bearing upon school and educational matters [e. g., State ex inf. Carnahan ex rel. Webb v. Jones, 266 Mo. 191, 181 S.W. 50, 52(4); Emery v. Holt County, 345 Mo. 223, 132 S.W.2d 970, 972 (3)] as in the construction and application of other statutes [e. g., State v. Humphries, 350 Mo. 983, 169 S.W.2d 350, 352(2); State v. One "Jack and Jill" Pinball Machine, Mo. App., 224 S.W.2d 854, 859(5, 6)], our appellate courts have observed time and again that the wisdom of legislative policy, as reflected and expressed in statutory enactments, is for the General Assembly and is beyond and without the pale of judicial inquiry and review. Bluntly put, our function is to declare, apply and enforce the law as we find it, not to legislate by judicial fiat. State on Inf. of Dalton v. Miles Laboratories, 365 Mo. 350, 282 S.W.2d 564, 574; Lemasters v. Willman, Mo.App., 281 S.W. 2d 580, 590(17, 18). The General Assembly is presumed to have intended what it has

stated directly and unambiguously, and we may not, under the guise of construction, add to or take from the clear and definite terms of Section 164.010. Compare State v. De Groat, supra, 168 S.W. loc. cit. 707; State v. Long, 203 Mo.App. 427, 220 S.W. 690, 691(2). See also Hogue v. Wurdack, Mo.App., 298 S.W.2d 492, 496(7), and cases there cited.

■ *Defendants'* motion for rehearing or, in the alternative, to transfer is, in substance, a petulant complaint that we have "ignored" and "will not rule" what defendants conceive to be "the principal question," to-wit, "the sufficiency or insufficiency of the transportation afforded by the school board"—a question asserted to be "inextricably bound up and linked with the right and duty of parents to safeguard and protect their children." As shown in our prior opinion, no such issue was raised on appeal; but, *even if* that issue had been presented here, we could not reach it after our preliminary determination that the information was insufficient to charge an offense. However, in view of defendants' comments concerning parental rights and duties, and in order that our holding be not misinterpreted or misconstrued, it may not be amiss for us to emphasize the basic obligation of all parents to afford their children an opportunity for proper education—an obligation characterized by Blackstone as one of supreme importance to society in general as well as to the family [Jonitz v. Jonitz, 25 N.J. Super. 544, 96 A.2d 782, 787], whose breach should be and is a matter of as grave public concern today as it was in the time of Solon (circa 600 B.C.) when the male children of ancient Athens were excused from supporting parents who had neglected to give them early training. 20 Encyclopaedia Britannica (1956), "Solon," loc. cit. 956.

We need not extol or elaborate upon the manifold benefits to be derived from education in our public schools, not the least of which is the opportunity for free association on a common level with other children from all classes of society—an opportunity not unreasonably believed to be desirable, if not absolutely essential, in preparation for the proper discharge of the duties of good citizenship. See State v. Hoyt, 84 N.H. 38, 146 A. 170; Knox v. O'Brien, supra, 72 A.2d loc. cit. 392. Certainly, we would not be misunderstood as commending "a haphazard or hit-or-miss kind of instruction" at home [Stephens v. Bongart, supra, 189 A. loc. cit. 137] or as encouraging "a pretext of instruction" by parents who seek to evade their responsibilities. People v. Levisen, supra, 90 N.E.2d loc. cit. 215. But, cautionary comment and philosophical musing aside, defendants' plaint concerning the bus transportation available for their child presents no issue for present determination and is not prejudged. However, defendants may be interested in reading In re Conlin, Child.Ct., 130 N.Y.S.2d 811, in which a father's failure to place his children in school was not excused by refusal of the Board of Education to transport them.

The state's and defendants' separate motions for rehearing or, in the alternative, for transfer of this cause to the Supreme Court of Missouri are overruled.

McDOWELL and RUARK, JJ., concur.